## STATE OF CONNECTICUT *v.* ELDRED J. HALL
## (10105)

NORCOTT, LANDAU and HEIMAN, Js.

Argued June 9—decision released August 25, 1992

*Lowell L. Peterson* and *Louis Van Dyck,* special public defenders, with whom, on the brief, was *Sally S. King,* special public defender, for the appellant (defendant).

*Paul J. Ferencek,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Rosita M. Creamer,* assistant state's attorney, for the appellee (state).

NORCOTT, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3).[1] He was sentenced to a term of twenty years imprisonment, suspended after fourteen years, with five years of probation. On appeal, the defendant claims that he was denied his fundamental right to a fair trial for the following reasons: (1) the trial court improperly instructed the jury as to manslaughter in the first degree under General Statutes § 53a-55 (a) (3)[2] because that crime is not a lesser included offense of the crime with which he was charged; (2) there was insufficient evidence of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3) to warrant a jury instruction; and (3) the prosecutor improperly commented during her closing argument on the veracity of a state's witness and on facts not in evidence. We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. At about 10 p.m. on August 20, 1989, David Walker, his brother and his uncle were sitting in front of the Mile High Restaurant on Albany Avenue in Hartford when a car driven by the victim, James Brown, skidded along the road, nearly striking a bicyclist, Clive Wilson. The victim then drove into a nearby gasoline station after which he and Wilson exchanged words.

When Wilson departed, the victim drove back onto Albany Avenue heading west. While passing a field

---

[1] The defendant was acquitted of the charge of murder in violation of General Statutes § 53a-54a and was found not guilty of the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1).

[2] General Statutes § 53a-55 (a) provides: "A person is guilty of manslaughter in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

across the street from where Walker was sitting, the victim's car was struck by an unidentified projectile. The victim stopped his car, got out and approached a group of youths that included Wilson, an individual known as "Tallest" and the defendant. Wilson struck the victim's upper body with a tree branch. Tallest then threw a bottle at the victim. While the victim was backing up, trying to escape, the defendant ran up and struck him in the head with a brick. The victim stumbled and collapsed on the street. He died from his injuries two days later.

At trial, the defendant testified that he was not at the scene of the incident and denied having been involved in the events leading up to the victim's death. He stated that he did not learn of the incident until the next day when various acquaintances mentioned it to him.

At the completion of the state's case-in-chief, the defendant moved for a judgment of acquittal, which the trial court denied. After all of the evidence had been presented, both the state and the defendant submitted requests to charge. The state requested a charge on the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1), which requires proof that the defendant intended to cause serious physical injury, and General Statutes § 53a-55 (a) (3), which requires proof that the defendant had acted recklessly in engaging in conduct that created a grave risk of death to another. The defendant requested a charge on the lesser included offenses of manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1), and criminally negligent homicide in violation of General Statutes § 53a-58. The defendant also renewed his motion for judgment of acquittal and also requested that the jury be charged on the lesser included offenses of General Statutes § 53a-55 (a) (1) and (3). The court instructed the jury

as to all of the lesser included offenses as the parties requested. The defendant did not except to the instructions as given.

After the jury returned its verdict, the defendant filed motions pursuant to Practice Book §§ 899, 902 and 905 for judgment of acquittal, a new trial, and in arrest of judgment, respectively, contending for the first time that under the facts of this case a violation of General Statutes § 53a-55 (a) (3) is not a lesser included offense of the charge of murder in violation of General Statutes § 53a-54a, and that the evidence was insufficient to support the conviction. The court denied the motions, and this appeal followed.

I

The defendant's first two claims center on the propriety of the trial court's charge on manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). The defendant first claims that under the facts here this crime is not a lesser included offense as defined by *State* v. *Whistnant,* 179 Conn. 576, 427 A.2d 414 (1980).[3] Second, he argues that even if it is a lesser included offense under *Whistnant,* the court's instruction was improper because there was insufficient evidence as to the element of recklessness. Because these claims are interrelated, we consider them together.

---

[3] Before a jury instruction on a lesser included offense can be given, the following requirements, set forth in *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980), must be met: "(1) an appropriate instruction is requested by either the state or the defendant; (2) it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser; (3) there is some evidence, introduced by either the state or the defendant, or by a combination of their proofs, which justifies conviction of the lesser offense; and (4) the proof on the element or elements which differentiate the lesser offense from the offense charged is sufficiently in dispute to permit the jury consistently to find the defendant innocent of the greater offense but guilty of the lesser." *State* v. *Edwards,* 214 Conn. 57, 62–63, 570 A.2d 193 (1990); *State* v. *Jupin,* 26 Conn. App. 331, 346, 602 A.2d 12, cert. denied, 221 Conn. 914, 603 A.2d 404 (1992).

## A

In arguing that the instruction on the lesser included offense of manslaughter in the first degree under General Statutes § 53a-55 (a) (3) was violative of *State* v. *Whistnant,* supra, the defendant first contends that because the evidence shows only that he intentionally struck the victim, the conviction for reckless manslaughter cannot stand. Since he was acquitted of the murder charge, he now claims that he is entitled to a judgment of acquittal on the reckless manslaughter charge. Second, the defendant asserts that because he denied striking the victim or being involved in his death in any way, his state of mind was never sufficiently in dispute to warrant an instruction on reckless manslaughter. We disagree.

We first note that the defendant has not properly preserved this claim for appellate review pursuant to Practice Book § 852[4] and that he seeks review, under *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989),[5] of an instruction he himself requested. Ordinarily, action induced by an appellant cannot be a ground for error. See *State* v. *Scognamiglio,* 202 Conn. 18, 25, 519 A.2d 607 (1987); *State* v. *Turner,* 24 Conn. App. 264, 272,

---

[4] Practice Book § 852 provides in pertinent part: "The [appellate] court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or exception has been taken by the party appealing immediately after the charge is delivered. Counsel taking exception shall state distinctly the matter objected to and the ground for the objection. . . ."

[5] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional error beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding,* 213 Conn. 233, 239-40, 567 A.2d 823 (1989).

587 A.2d 1050, cert. denied, 218 Conn. 910, 591 A.2d 812 (1991). "It seems a bit disingenuous for the defendant to claim the trial court committed error by instructing the jury on [first degree manslaughter] when he requested an instruction on that very issue." *State* v. *Scognamiglio,* supra.

Although it is the general rule that a party cannot be heard to complain about such an instruction when he himself has requested it; *State* v. *Shipman,* 195 Conn. 160, 165, 486 A.2d 1130 (1985); unpreserved claims of constitutional magnitude, even when induced by the appellant, may be reviewed pursuant to *Golding.* See *State* v. *Maselli,* 182 Conn. 66, 70, 437 A.2d 836 (1980), cert. denied, 449 U.S. 1083, 101 S. Ct. 866, 66 L. Ed. 2d 807 (1981); *State* v. *Murdick,* 23 Conn. App. 692, 702, 583 A.2d 1318, cert. denied, 217 Conn. 809, 586 A.2d 1233 (1991). In this case, however, because "a lesser included offense instruction is purely a matter of common law, and therefore does not implicate constitutional rights; see *State* v. *Herring,* 210 Conn. 78, 105, 554 A.2d 686, cert. denied, 492 U.S. 912, 109 S. Ct. 3230, 106 L. Ed. 2d 579 (1989); *State* v. *Thomas,* 205 Conn. 279, 282, 533 A.2d 553 (1987); *State* v. *McIntosh,* 199 Conn. 155, 158, 506 A.2d 104 (1986); *State* v. *Whistnant,* [supra, 581]; the defendant has failed to satisfy the second condition of *Golding.* Accordingly, his claim for reversal predicated on the alleged impropriety of the court's lesser included offense instructions necessarily fails." *State* v. *Ortiz,* 217 Conn. 648, 659, 588 A.2d 127 (1991). Not every claim warrants review simply because it is affixed with a constitutional label. See, e.g., *State* v. *Gooch,* 186 Conn. 17, 18, 438 A.2d 867 (1982).

B

The defendant further argues that even if manslaughter in the first degree in violation of General Statutes

§ 53a-55 (a) (3) is a lesser included offense under *Whist-nant,* the court's instruction was improper because there was insufficient evidence as to the element of recklessness. Again, we disagree.

Because the defendant has properly preserved this claim for appellate review, we scrutinize it under the well established analytical framework that both we and our Supreme Court have established for review of such claims. First, we review the evidence in the light most favorable to sustaining the jury's verdict. Second, we determine whether, on the facts so construed and the inferences reasonably drawn therefrom, the jury could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. *State* v. *Famiglietti,* 219 Conn. 605, 609, 595 A.2d 306 (1991). Reasonable and logical inferences may be drawn, but the jury may not resort to speculation and conjecture. *State* v. *King,* 216 Conn. 585, 601–602, 583 A.2d 896 (1990). Each essential element of the crime must be proved beyond a reasonable doubt. Id., 601.

Our review of the record leads us to conclude that sufficient evidence existed for the jury to find the defendant guilty of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3). Walker, who witnessed the attack, testified that the defendant ran toward the victim and, with an overhand or slightly sidearm motion, struck the victim once in the head with a brick as the victim was moving backward toward the street. If a single slap in the face that led to a subdural hematoma and caused the victim to be in a coma for up to eighteen months can supply the factual predicate to support a finding of reckless conduct that creates a risk of death to another; see *State* v. *Jupin,* 26 Conn. App. 331, 341, 602 A.2d 12, cert. denied, 221 Conn. 914, 603 A.2d 404 (1992); then it is extremely difficult to conclude that a jury could not find that striking someone in the head with a brick also constitutes reckless

conduct. We conclude that there was sufficient evidence for the jury to convict the defendant of first degree manslaughter in violation of General Statutes § 53a-55 (a) (3).

## II

The defendant next claims that improper remarks during the state's closing argument violated his due process right to a fair trial. Specifically, he claims that he was prejudiced by the prosecutor's expression of her opinion as to the credibility of the state's chief witness, Walker, and by her references to facts not in evidence.

Because this claim also was not properly preserved at trial, the defendant again seeks review under *State* v. *Golding,* supra. While prosecutorial misconduct of constitutional dimension may arise during closing argument, thereby implicating the fairness of a trial; *State* v. *Williams,* 204 Conn. 523, 539, 529 A.2d 653 (1987); *State* v. *Pelletier,* 196 Conn. 32, 33–34, 490 A.2d 515 (1985); *State* v. *Peruta,* 24 Conn. App. 598, 608–609, 591 A.2d 140, cert. denied, 219 Conn. 912, 593 A.2d 137 (1991); an unpreserved prosecutorial misconduct claim is not reviewable if the claimed misconduct consisted of isolated and brief episodes, did not disclose a pattern of conduct repeated throughout the trial, or conduct not blatantly egregious. *State* v. *Tweedy,* 219 Conn. 489, 509, 594 A.2d 906 (1991); *State* v. *Henry,* 27 Conn. App. 520, 529, 608 A.2d 696 (1992).

The defendant points to a single remark referring to apparent inconsistencies in Walker's testimony regarding where on the head the victim was struck. The defendant claims that the prosecutor's reference to a police detective, who did not testify, and to his report, which was not introduced into evidence, could have affected the jury's evaluation of Walker's testimony. Finally, the defendant points to remarks made by the prosecutor referring to Walker's credibility and

truthfulness in testifying as to what he saw, and reporting the incident as a matter of civic duty and not to obtain a reward that had been offered for information about the incident.[6]

The record discloses that although the defendant initially objected to the prosecutor's remarks and moved for a mistrial or, in the alternative, a curative instruction, he took no exception when the court denied the motion for a mistrial. During colloquy, the court pointed out that during closing argument, it was the defendant who "artfully and professionally . . . stretched the parameters of final argument beyond the point of what is tolerable and what is acceptable." The court disagreed with his claim that the prosecutor had engaged in egregious conduct, stating that it "did not view any of her remarks as coming anywhere close to constituting substantial and irreparable harm to the defendant." The next day, the prosecutor told the court that she did not believe that her remarks were improper, but suggested that the court nevertheless give the jury a curative instruction. The defendant agreed that such an instruction would be appropriate and did not object when it was given.

Review of this claim is foreclosed by *State* v. *Somerville,* 214 Conn. 378, 393, 572 A.2d 944 (1990), in which our Supreme Court stated that review of prosecutorial misconduct claims under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), "is unavailable where the claimed misconduct was not blatantly egregious and merely consisted of isolated and brief episodes that did not reveal a pattern of conduct repeated throughout the trial." In this case, the defendant does not claim, nor can he claim, that the alleged offensive remarks were anything more than isolated statements that did

---

[6] After the victim's death, an offer of a $5000 reward for information about the incident was published in a local newspaper.

not evince any pattern of misconduct. Moreover, it is well settled that, on appeal, we do not review rulings that the defendant accepted or requested at trial; *State v. Murdick*, supra, 699; especially when, as here, the defendant has agreed with an adverse ruling at trial and did not take exception to it. See *State v. Maisonet*, 16 Conn. App. 89, 97, 546 A.2d 951, cert. denied, 209 Conn. 816, 550 A.2d 1086 (1988), cert. denied, 489 U.S. 1014, 109 S. Ct. 1127, 103 L. Ed. 2d 189 (1989).

Even if we were to review this claim, no favorable result would inure to the defendant. Although it is true that it is improper for a prosecutor to state personal beliefs about a witness' credibility; *State v. Hammond*, 221 Conn. 264, 289, 604 A.2d 773 (1992); when seen in context, the prosecutor's remarks were neither so prejudicial nor so egregious as to constitute grounds for a new trial. Id., 289–90.

The judgment is affirmed.

In this opinion the other judges concurred.