STATE OF CONNECTICUT *v.* KEVIN HOLMES
(AC 25027)

Bishop, DiPentima and Hennessy, Js.

Argued April 19—officially released August 2, 2005

*Auden C. Grogins,* special public defender, for the appellant (defendant).

*C. Robert Satti, Jr.,* senior assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict,* state's attorney, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Kevin Holmes, appeals from the judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (3).[1] On appeal, the defendant claims that there was insufficient evidence for the jury to have found beyond a reasonable doubt that he recklessly engaged in conduct that created a risk of death to another person. We affirm the judgment of the trial court.

On the basis of the evidence presented at trial, the jury reasonably could have found the following facts. In the early morning hours of August 5, 1998, Kenneth Dennis and the defendant were talking in the area of Central and Stratford Avenues in Bridgeport. After a few minutes, a fight broke out between the two, and the defendant struck Dennis repeatedly with his fists and what appeared to be a bat or stick. Dennis then ran for a few blocks until he collapsed in the middle of the road. As a result of the altercation, Dennis suffered injuries that required his hospitalization for more than six months.

---

[1] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

The defendant was arrested and charged with assault in the first degree in violation of § 53a-59 (a) (3). The defendant pleaded not guilty and elected to be tried to the jury. Following the presentation of the state's case-in-chief, the defendant moved for a judgment of acquittal, which was denied. The defendant did not present evidence and, following deliberations, the jury returned a guilty verdict.

On appeal, the defendant claims that there was insufficient evidence presented for the jury to find him guilty of assault in the first degree. More specifically, he argues that there was insufficient evidence for the jury to have found beyond a reasonable doubt that he recklessly engaged in conduct that created a risk of death to another person. We disagree.

Before analyzing the defendant's claim, we first set forth the appropriate standard of review. "In reviewing a sufficiency of the evidence claim, we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State v. Jackson*, 257 Conn. 198, 204–205, 777 A.2d 591 (2001). "This court cannot substitute its own judgment for that of the jury if there is sufficient evidence to support the jury's verdict." (Internal quotation marks omitted.) *State v. McFarlane*, 88 Conn. App. 161, 168, 868 A.2d 130, cert. denied, 273 Conn. 931, 873 A.2d 999 (2005). "Credibility of the witnesses is a matter for the jury to determine. . . . Our task is to determine whether there is a reasonable view of the evidence that supports the jury's verdict." (Citation omitted.) *State v. Santiago*, 74 Conn. App. 736, 741–42, 813 A.2d 1068 (2003).

"To establish that the defendant was guilty of assault in the first degree in violation of § 53a-59 (a) (3), the state was required to prove beyond a reasonable doubt that the defendant, under circumstances evincing an extreme indifference to human life, recklessly engaged in conduct that created a risk of death to [the victim] and thereby caused serious physical injury to the [victim]." Id., 741. "The risk of death element of the statute focuses on the conduct of the defendant, not on the resulting injury to the victim. The statute does not require that the victim was in fact at a risk of death." *State* v. *Rumore*, 28 Conn. App. 402, 413–14, 613 A.2d 1328, cert. denied, 224 Conn. 906, 615 A.2d 1049 (1992).

At trial, the state presented the testimony of two eyewitnesses to the incident. One witness, Lawrence Brown, testified that he saw the defendant using his fists to beat Dennis about the chest and body. The other witness, Cheryl Thompson, testified that she saw the defendant and "LB"[2] beating the defendant. She also testified that she observed the defendant beating the victim with what appeared to be a bat or stick.

The defendant argues that Brown's testimony contradicted that of Thompson and, as a result, Thompson's testimony was not credible. This court will not revisit credibility determinations. "Whether [a witness'] testimony [is] believable [is] a question solely for the jury. It is . . . the absolute right and responsibility of the jury to weigh conflicting evidence and to determine the credibility of the witnesses." (Internal quotation marks omitted.) *State* v. *Harris*, 85 Conn. App. 637, 654, 858 A.2d. 284, cert. denied, 272 Conn. 901, 863 A.2d 695 (2004).

The jury was in a better position than we are to determine issues of credibility because it observed the

---

[2] We note that Thompson's description of "LB" matched that of Brown, although she never identified Brown as the man who accompanied the defendant in the beating.

demeanor of the witnesses, and we have only the cold record of their testimony. Crediting the testimony of Thompson, the jury reasonably could have found that the defendant struck the victim about the head and body with a bat or stick, conduct that created a risk of death to another person. See *State* v. *Hall*, 28 Conn. App. 771, 777, 612 A.2d 135 (defendant striking victim once in head with brick sufficient to support finding of reckless conduct that creates risk of death to another), cert. denied, 224 Conn. 904, 615 A.2d 1045 (1992); *State* v. *Rumore*, supra, 28 Conn. App. 413–14 (victim beaten unconscious); *State* v. *Jupin*, 26 Conn. App. 331, 341, 602 A.2d 12 (single slap to face that led to subdural hematoma), cert. denied, 221 Conn. 914, 603 A.2d 404 (1992). We therefore conclude that sufficient evidence existed from which the jury could have based its decision.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] On appeal, the defendant does not challenge the sufficiency of the evidence as to the remaining elements of the crime charged and, as such, we do not address them.