## STATE OF CONNECTICUT *v.* CHRISTOPHER HASFAL
### (AC 26087)

Flynn, C. J., and Bishop and Stoughton, Js.

Argued February 15—officially released April 11, 2006

*Joaquina Borges King*, special public defender, for the appellant (defendant).

*Elizabeth M. Moseley*, special deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Mirella J. Giambalvo*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, C. J. The defendant, Christopher Hasfal, appeals from the judgment of conviction, rendered after a jury trial, of criminal violation of a protective order under General Statutes § 53a-223. On appeal, the defendant claims that the evidence was insufficient to support his conviction. We affirm the judgment of the trial court.[1]

The jury reasonably could have found the following facts. The defendant and the victim were involved in a romantic relationship that became abusive. On August 22, 2003, the victim telephoned the police following

[1] The defendant claims that the court improperly denied his motion for a judgment of acquittal because there was insufficient evidence to establish that he had the requisite intent to violate the protective order. The defendant did not move for a judgment of acquittal on the basis of insufficient evidence on the charge of violation of the protective order, but moved for acquittal on that ground with respect to four other charges against him of which he ultimately was acquitted, namely, threatening in the second degree, stalking in the second degree, burglary in the first degree and harassment in the second degree. The defendant did not otherwise preserve his claim. It generally is not appropriate to engage in a level of review that was not requested. *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 17, 761 A.2d 740 (2000). "Our Supreme Court, following the dictate of the United States Supreme Court in *Jackson* v. *Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979), has held that any defendant found guilty on the basis of insufficient evidence has been deprived of a constitutional right, and would therefore necessarily meet the four prongs of [*State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989)]. Accordingly, we conclude that no practical reason exists to engage in a *Golding* analysis of a sufficiency of the evidence claim and, thus, review the challenge as we do any other properly preserved claim." (Internal quotation marks omitted.) *State* v. *Ward*, 76 Conn. App. 779, 795 n.8, 821 A.2d 822, cert. denied, 264 Conn. 918, 826 A.2d 1160 (2003).

a violent incident with the defendant. Thereafter, the defendant was arrested. On November 4, 2003, the court issued a protective order that, inter alia, explicitly precluded the defendant from entering the dwelling of the victim, coming within 100 yards of the victim or having any contact with the victim. The order also provided that the defendant could return to the dwelling one time with police to retrieve his belongings. On December 15, 2003, at approximately 10:49 a.m., the defendant arrived at the victim's apartment alone, without police escort. Upon the defendant's arrival, the victim telephoned the police in what was identified as a hang-up call. Officers Robert Stapleton and George Watson of the Hartford police department were dispatched to the victim's residence. Stapleton was the first officer to arrive. He knocked on the victim's door, and she presented him with a copy of the protective order. The defendant told Stapleton that he was at the victim's apartment to retrieve his belongings. The police arrested the defendant for violating the protective order.

On September 2, 2004, the jury found the defendant guilty of violating a protective order. Thereafter, the defendant was sentenced to five years incarceration. This appeal followed.

"The standard of review we apply to a claim of insufficient evidence is well established. In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Ledbetter*, 275 Conn. 534, 542, 881 A.2d 290 (2005).

"We note that the [finder of fact] must find every element proven beyond a reasonable doubt in order to find the defendant guilty of the charged offense, [but] each of the basic and inferred facts underlying those conclusions need not be proved beyond a reasonable doubt. . . . If it is reasonable and logical . . . to conclude that a basic fact or an inferred fact is true, the [fact finder] is permitted to consider the fact proven and may consider it in combination with other proven facts in determining whether the cumulative effect of all the evidence proves the defendant guilty of all the elements of the crime charged beyond a reasonable doubt." (Internal quotation marks omitted.) Id.

On appeal, the defendant seeks to have his judgment of conviction reversed, reasoning that the state did not offer sufficient evidence to prove that he had the "requisite general intent to violate the protective order" that previously had been entered against him. Specifically, the defendant argues that because he understood that the protective order required him to have a police escort to recover his belongings and because he was under the impression that the police were notified and would be at the victim's apartment, the jury could not have found that he had the requisite intent to violate the protective order. Moreover, the defendant claims that the jury reasonably could have concluded only that his actions were in accordance with the protective order. We disagree.

Section 53a-223 (a) provides: "A person is guilty of criminal violation of a protective order when an order issued pursuant to subsection (e) of section 46b-38c, or section 54-1k or 54-82r has been issued against such person, and such person violates such order." "To prove a charge of criminal violation of a protective order, the state must demonstrate that a protective order was issued against the defendant in accordance with General Statutes §§ 46b-38c (e) or 54-1k, and it must demon-

strate the terms of the order and the manner in which it was violated by the defendant." *State* v. *Martino*, 61 Conn. App. 118, 128, 762 A.2d 6 (2000). Regarding the mental element of the crime, "we have explained previously [that] a violation of a protective order does not incorporate the specific intent to harass. . . . All that is necessary is a general intent that one intend to perform the activities that constitute the violation." (Internal quotation marks omitted.) *State* v. *Binnette*, 86 Conn. App. 491, 497, 861 A.2d 1197 (2004), cert. denied, 273 Conn. 902, 868 A.2d 745 (2005).

There was sufficient evidence from which the jury reasonably could have found that the defendant intended behaviors proscribed by the protective order. The defendant testified at trial that he understood that the protective order prohibited him from having any contact with the victim and that it permitted him to return to the victim's dwelling one time with police to retrieve his belongings. The defendant and the victim testified that on December 15, 2003, the defendant arrived at the victim's apartment alone, without a police escort. Stapleton testified that when he arrived at the victim's apartment, only the victim and the defendant were inside, with no police officers present.

The defendant claims that the victim's testimony was not credible because it conflicted with his testimony. The defendant testified that he went to the victim's apartment to retrieve his belongings and that he thought the police would come. The victim testified that although she did not know how the defendant got inside her apartment, she did not invite him or let him come inside. She further testified that none of the defendant's belongings were at her apartment and that she telephoned the police because the defendant was harassing her. The defendant argues that the jury reasonably could not have believed the victim's testimony that the defendant had entered her apartment to harass her and

thereby violated the protective order but that the jury should have believed his testimony that he had entered the apartment under the belief that the police had been contacted and would be present while he recovered his belongings. "This court will not revisit credibility determinations. Whether [a witness'] testimony [is] believable [is] a question solely for the jury. It is . . . the absolute right and responsibility of the jury to weigh conflicting evidence and to determine the credibility of the witnesses." (Internal quotation marks omitted.) *State* v. *Holmes*, 90 Conn. App. 544, 547, 877 A.2d 826, cert. denied, 275 Conn. 927, 883 A.2d 1250 (2005).

Construing the evidence in the light most favorable to sustaining the verdict, as we are required to do, the jury had sufficient evidence from which it could determine that the defendant understood the terms of the protective order, but, with the requisite intent, and without a police escort, entered the victim's apartment, where she was present, to have contact with her, despite the protective order prohibiting contact and prohibiting entry into the dwelling of the victim. Furthermore, the jury could have credited the victim's testimony that the defendant did not have any of his belongings at her apartment and could have credited Stapleton's testimony that he did not see the defendant with any of his belongings. Thus, the jury reasonably could have concluded that the defendant's actions did not fall within the provision of the order that permitted his retrieval of personal property with a police escort. Additionally, there was no evidence that the defendant or the victim had made arrangements with the police to escort the defendant to retrieve his belongings from the victim's apartment. From that, the jury further could have found that the defendant did not go to the victim's apartment accompanied by the police and, therefore, that he had the general intent to violate the protective order by having prohibited contact with the victim and

entering the victim's dwelling. In summary, on the basis of our review of the record, we conclude that from the cumulative force of the evidence before the jury, it reasonably could have concluded that the defendant had violated the protective order.

The judgment is affirmed.

In this opinion the other judges concurred.