## CHRISTOPHER HASFAL *v.* COMMISSIONER OF CORRECTION
## (AC 29479)

Flynn, C. J., and Gruendel and Stoughton, Js.

Argued February 2—officially released March 31, 2009

*Dante R. Gallucci,* special public defender, for the appellant (petitioner).

---

*Rita M. Shair*, senior assistant state's attorney, with whom were *Gail P. Hardy*, state's attorney, and, on the brief, *Erika L. Brookman*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Christopher Hasfal, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. After the court granted the petition for certification to appeal, this appeal followed. On appeal, the petitioner claims that the court improperly found that he had failed to prove that his trial counsel had rendered ineffective assistance. We affirm the judgment of the habeas court.

The following facts and procedural history provide the necessary background for the disposition of the petitioner's appeal. The petitioner was convicted, after a jury trial, of criminal violation of a protective order in violation of General Statutes § 53a-223 (a). He appealed, and this court affirmed the judgment of conviction. *State* v. *Hasfal*, 94 Conn. App. 741, 894 A.2d 372 (2006).

In the petitioner's direct appeal, we determined that the jury reasonably could have found the following facts. "The [petitioner] and the victim were involved in a romantic relationship that became abusive. On August 22, 2003, the victim telephoned the police following a violent incident with the [petitioner]. Thereafter, the [petitioner] was arrested. On November 4, 2003, the court issued a protective order that, inter alia, explicitly precluded the [petitioner] from entering the dwelling of the victim, coming within 100 yards of the victim or having any contact with the victim. The order also provided that the [petitioner] could return to the dwelling one time with police to retrieve his belongings. On December 15, 2003, at approximately 10:49 a.m., the [petitioner] arrived at the victim's apartment alone, without police escort. Upon the [petitioner's] arrival,

the victim telephoned the police in what was identified as a hang-up call. Officers Robert Stapleton and George Watson of the Hartford police department were dispatched to the victim's residence. Stapleton was the first officer to arrive. He knocked on the victim's door, and she presented him with a copy of the protective order. The [petitioner] told Stapleton that he was at the victim's apartment to retrieve his belongings. The police arrested the [petitioner] for violating the protective order. On September 2, 2004, the jury found the [petitioner] guilty of violating a protective order. Thereafter, the [petitioner] was sentenced to five years incarceration." Id., 742–43.

Following his unsuccessful direct appeal, the petitioner brought this petition for a writ of habeas corpus. In his amended petition, the petitioner claimed that his trial counsel provided ineffective assistance because she failed (1) to investigate his assertion that the victim had contacted him and (2) to subpoena the victim's telephone records, which would have revealed that she had contacted him. In its memorandum of decision, the court denied the petition for a writ of habeas corpus, concluding that the petitioner had failed to prove that counsel had been ineffective under *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The court rendered judgment accordingly and granted the petition for certification to appeal. This appeal followed.

"We begin our discussion by noting that the effectiveness of an attorney's representation of a criminal defendant is a mixed determination of law and fact that . . . requires plenary review . . . . The sixth amendment to the United States constitution guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const., amend. VI. It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel

consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *State* v. *Brown*, 279 Conn. 493, 525, 903 A.2d 169 (2006).

The petitioner claims that the court improperly rejected his claim of ineffective assistance of counsel. After reviewing the record, we conclude that it is unnecessary for us to determine whether counsel's failure to conduct an investigation regarding whether the victim had contacted the petitioner or to subpoena the victim's telephone records constituted ineffective assistance because we conclude that the petitioner cannot demonstrate that he was prejudiced by his attorney's failure to do those things. See *Aillon* v. *Meachum*, 211 Conn. 352, 362, 559 A.2d 206 (1989) ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." [Internal quotation marks omitted.]).

The simple fact of this case is that the police caught the petitioner at the victim's home. This clearly violated the terms of the protective order, which explicitly precluded the petitioner from entering the victim's home, coming within 100 yards of the victim or having any contact with her. Although the order had provided that the petitioner could return to the dwelling to retrieve

his belongings, it mandated that this was a one time return and that it had to be with a police escort. Clearly, the petitioner did not have a police escort when he went to the victim's home.

"To prove a charge of criminal violation of a protective order, the state must demonstrate that a protective order was issued against the [petitioner] in accordance with General Statutes §§ 46b-38c (e) or 54-1k, and it must demonstrate the terms of the order and the manner in which it was violated by the [petitioner]. . . . Regarding the mental element of the crime, we have explained previously [that] a violation of a protective order does not incorporate the specific intent to harass. . . . All that is necessary is a general intent that one intend to perform the activities that constitute the violation." (Citation omitted; internal quotation marks omitted.) *State* v. *Hasfal,* supra, 94 Conn. App. 744–45.

In this case, even if the jury were to have heard and believed that the victim had telephoned the petitioner, that would not change the fact that he was in direct violation of the clear dictates of the protective order when he entered the victim's home without a police escort, satisfying the general intent required to prove a violation of § 53a-223 (a). The petitioner was under a court order to stay out of that home and to have no contact with the victim. The only exception to this was to retrieve his personal belongings while accompanied by the police. Accordingly, the petitioner has failed to demonstrate a reasonable probability that the result of his trial would have been different had counsel sought to prove that the victim had telephoned him.

On the basis of our review of the record, we conclude that the court properly determined that the petitioner failed to satisfy his burden of establishing that he was denied the effective assistance of counsel.

The judgment is affirmed.