### KENNETH PORTER *v.* COMMISSIONER OF CORRECTION
### (AC 26695)

Gruendel, Harper and Hennessy, Js.

Argued October 19, 2006—officially released January 2, 2007

*Robert J. McKay*, for the appellant (petitioner).

*Timothy J. Sugrue*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Catherine Brannelly Austin*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Kenneth Porter, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court should have granted his petition for certification to appeal because he had received ineffective assistance of appellate counsel. We dismiss the appeal.

The petitioner's conviction arose out of the following factual scenario. On December 2, 2000, Richard Sutphin, while driving a public utilities truck in Waterbury, was forced to stop the truck at an intersection because the petitioner was in the roadway, pushing a car. *State* v. *Porter*, 76 Conn. App. 477, 480, 819 A.2d 909, cert. denied, 264 Conn. 910, 826 A.2d 181 (2003). The petitioner approached the truck that Sutphin was driving and began to yell and strike the vehicle wildly with his head and fists. Id. Sutphin radioed the police and, when the police arrived, left his truck and ran toward the police cruiser that was being driven by Sergeant Paul Ezzo. Id. At this time, the petitioner jumped onto the hood of another vehicle being operated by Andelino Vilar. Id., 480–81. Ezzo approached the petitioner and told him that he was under arrest at which time, the

petitioner swung his arms, kicked his legs and struck Ezzo in the face and shoulder, ultimately knocking Ezzo to the ground. Id., 481. Ezzo deployed Mace and, with the help of Sutphin and another citizen, restrained the defendant and called for backup assistance. Id. Finally, Ezzo arrested the petitioner with the help of seven police officers, including Officer Richard Valente.

The petitioner was charged in an eight count information. Subsequently, the state filed a part B information, charging the petitioner with being a persistent serious felony offender. Id., 482. The matter was tried to the jury, and the petitioner represented himself with the assistance of standby counsel. The petitioner was convicted, following the jury trial, of two counts of breach of the peace in violation of General Statutes (Rev. to 1999) § 53a-181 (1) and (2), one count of assault of public safety personnel in violation of General Statutes § 53a-167c (a) (1), and one count of interfering with an officer in violation of General Statutes (Rev. to 1999) § 53a-167a. After the jury returned its verdict, the petitioner pleaded guilty to being a persistent serious felony offender. The petitioner was sentenced to a total effective term of ten years incarceration followed by ten years special parole.

The petitioner filed a direct appeal to this court from the judgment of conviction. The defendant was represented on appeal by attorney H. Owen Chace. *State* v. *Porter*, supra, 76 Conn. App. 479. On appeal, the petitioner raised three issues, the first of which was a claim of double jeopardy under the federal constitution.[1] We concluded that punishment for both the assault of public safety personnel and the interference with a police officer violated the prohibition against double jeopardy.

---

[1] The other two claims, one challenging the sufficiency of the evidence and the other challenging the petitioner's waiver of the right to counsel, are not presently at issue.

Id., 482–86. In so concluding, we affirmed the judgment in part and reversed it in part, and remanded the case with direction to merge the conviction of interfering with an officer with the conviction of assault of public safety personnel and to vacate the sentence on the conviction of interfering with an officer. Id., 502. In addition, we declined to review the claim of instructional error, deeming it abandoned because it was briefed inadequately. Id., 482 n.6.

The petitioner subsequently filed a petition for a writ of habeas corpus alleging that his conviction should be set aside due to ineffective assistance of appellate counsel. The petitioner asserted that his appellate counsel was ineffective because he failed to brief the claim properly that the trial court failed to give an orally requested jury instruction on lesser included offenses. In support of his assertion, the petitioner submits that this court found that the claim was abandoned because it was not properly briefed. The petitioner claims that his appellate counsel's performance prejudiced him because if his counsel had briefed the claim on appeal properly, this court would have reversed the judgment and ordered a new trial.

The habeas court denied relief, finding that the evidence in the record conclusively showed that the ineffectiveness claim was meritless. The court found that the conclusion of this court was evidence of the efficacy of Chace's overall appellate strategy.[2] The court also determined that our Supreme Court's denial of the petition for certification to appeal was further evidence that the petitioner was given "full, fair and complete treatment and consideration of all issues raised during the trial of this case and the appeals taken thereafter."

[2] This court reversed in part and remanded the case with direction to merge the conviction of interfering with an officer with the conviction of assault of public safety personnel and to vacate the sentence on the conviction of interfering with an officer. *State* v. *Porter*, supra, 76 Conn. App. 502.

Furthermore, the court found that the petitioner was not prejudiced because there was not any ineffective assistance of counsel that would have resulted in a change in the outcome of the trial or the appeal.

The threshold issue to determine, prior to appellate review of the merits of the dismissal of a habeas corpus petition, is whether the habeas court abused its discretion in denying the petition for certification to appeal. We conclude that it did not.

As an initial matter, we set forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. The intent of the legislature in enacting General Statutes § 52-470 (b)[3] was to discourage frivolous habeas appeals. *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994). With this intent in mind, our Supreme Court, in its decision in *Simms*, incorporated the criteria adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the standard of review of a denial of a petition for certification to appeal from a denial of a petition for a writ of habeas corpus. The petitioner must establish a clear abuse of discretion by demonstrating the existence of one of the *Lozada* criteria. Id. These criteria are "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id., 432; *Barefoot* v. *Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

---

[3] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

In order to determine whether the petitioner has demonstrated the existence of one of the *Lozada* criteria, we examine the validity of the petitioner's initial habeas claim of ineffective assistance of counsel. In doing so, "this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Vines* v. *Commissioner of Correction*, 94 Conn. App. 288, 295, 892 A.2d 312, cert. denied, 278 Conn. 922, 901 A.2d 1222 (2006).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Vines* v. *Commissioner of Correction*, supra, 94 Conn. App. 295–96.

"To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the counsel guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 701, 652 A.2d 1050, cert. denied, 233 Conn. 912,

659 A.2d 183 (1995). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* v. *Washington,* supra, 466 U.S. 689. The right to counsel is not the right to perfect counsel. *Siano* v. *Warden,* 31 Conn. App. 94, 97, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).

The second part of the *Strickland* analysis requires more than a showing that the errors made by counsel may have had some effect on the outcome of the proceeding. *Lewis* v. *Commissioner of Correction,* 89 Conn. App. 850, 856, 877 A.2d 11, cert. denied, 275 Conn. 905, 882 A.2d 672 (2005). "Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Internal quotation marks omitted.) Id.

The two part *Strickland* analysis has been adopted by our courts in the context of a claim of ineffective assistance of appellate counsel. *Sekou* v. *Warden,* 216 Conn. 678, 690, 583 A.2d 1277 (1990). The petitioner's burden of proof is the same in the claim of ineffective assistance of appellate counsel as it is for ineffective assistance of trial counsel: "to establish that, based upon the totality of the evidence before the jury and upon the likely effect of the instructional error, as a result of the error of the trial court . . . there is a probability sufficient to undermine confidence in the verdict that he seeks to overturn." *Bunkley* v. *Commis-*

*sioner of Correction*, 222 Conn. 444, 459, 610 A.2d 598 (1992). "In order to demonstrate such a fundamental unfairness or miscarriage of justice, the petitioner should be required to show that he is burdened by an unreliable conviction." Id., 461.

Even if we assume arguendo that appellate counsel erred in failing to brief properly the petitioner's claim regarding the failure of the trial court to give a requested jury instruction on lesser included offenses,[4] no prejudice resulted from the error. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland* v. *Washington*, supra, 466 U.S. 686. The petitioner has not established that appellate counsel's failure to brief the trial court's failure to give a jury instruction on a lesser included offense prejudiced the fairness of his trial. At the trial level, the jury unanimously found the petitioner guilty of both the greater offense of assault of public safety personnel as well as the lesser included offense of interfering with an officer. The trial court did not give the jury a lesser included offense charge. Nonetheless, even if the jury had been given the charge requested by the petitioner, the petitioner has not shown that the result would have been different. The jury found the petitioner guilty of both the greater

---

[4] We note that the petitioner's brief does not cite any law that supports his contention that appellate counsel's inadequate briefing of the trial court's failure to give an orally requested jury instruction falls outside the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland* v. *Washington*, supra, 466 U.S. 689. The petitioner relies on a footnote in this court's decision in *State* v. *Porter*, supra, 76 Conn. App. 482 n.6, that the claim was briefed inadequately as conclusive proof of ineffective assistance of appellate counsel. The petitioner's expert witness did not elucidate what the range of reasonable professional assistance entails.

offense and the lesser included offense. See *State* v. *Porter*, supra, 76 Conn. App. 486. Although the defendant's conviction resulted in a violation of the prohibition of double jeopardy, this court remedied that issue by remanding the case with direction to merge the conviction on the two offenses and to impose only one sentence. See *State* v. *Chicano*, 216 Conn. 699, 727, 584 A.2d 425 (double jeopardy violation avoided by requiring trial court to combine conviction of multiple offenses and impose only single sentence), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991). Accordingly, with the requested jury instructions, the jury would have considered the greater offense first and decided the guilt or innocence of the petitioner unanimously before turning to the lesser included offense. See *State* v. *Sawyer*, 227 Conn. 566, 583, 630 A.2d 1064 (1993). The petitioner has offered no proof that he is burdened by an unreliable conviction; he merely asserts that he might be entitled to a new trial. We therefore conclude that the petitioner has failed to meet his burden of proof.

We conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 498 U.S. 431–32; *Simms* v. *Warden*, supra, 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.