JOSEPH ANCONA *v.* COMMISSIONER OF CORRECTION
(AC 26960)

Bishop, McLachlan and Rogers, Js.

Argued November 14, 2006—officially released April 3, 2007

*Joseph Visone*, special public defender, for the appellant (petitioner).

*Bruce R. Lockwood*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Michael A. Gailor*, executive assistant state's attorney, for the appellee (respondent).

*Opinion*

ROGERS, J. The petitioner, Joseph Ancona, appeals following the denial of certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court should have granted his petition for certification to appeal because his trial counsel provided ineffective assistance by failing to investigate the viability of an insanity defense. We dismiss the appeal.

Following a jury trial, the petitioner was found guilty of three counts of arson in the first degree in violation of General Statutes § 53a-111 (a) (3), one count of arson in the first degree in violation of § 53a-111 (a) (1) and (3), and four counts of attempt to commit larceny in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-122 (a) (2). He was sentenced to a total effective term of twenty-one years imprisonment. The petitioner's conviction was affirmed on direct appeal. See *State* v. *Ancona*, 256 Conn. 214, 772 A.2d 571 (2001).[1]

The facts underlying the petitioner's conviction were recounted in the decision of our Supreme Court disposing of that appeal: "The [petitioner] was the owner of a television repair service and a landlord of several properties. He owned two properties in the Unionville section of Farmington, and properties in New Britain,

---

[1] The petitioner originally appealed from the judgment of the trial court to the Appellate Court. The appeal subsequently was transferred to the Supreme Court pursuant to Practice Book § 65-4.

Canton and Burlington. His television service business was housed in the property located in Farmington, at 95 South Main Street. The other properties of concern in the present appeal were the apartment building located at 34-36 Atlantic Street, New Britain, a small, single family house located at 18 Lake Street, Farmington, and a single family house located at 2 Forest Lane, Canton.

"The [petitioner] experienced severe financial difficulties, beginning in April, 1991, when he suffered a loss of $500,000 related to one of the properties he owned in Unionville. His financial troubles were so severe that he did not file personal income tax returns for the years 1991 through 1994, claiming that he had earned no personal income during that period. Furthermore, his properties were heavily encumbered by mortgages, judgments, foreclosures, liens and lis pendens. Overall, the [petitioner] was in debt for almost $1,500,000.

"On June 4, 1995, the [petitioner's] properties located at 95 South Main Street, Farmington, and 34-36 Atlantic Street, New Britain, were severely damaged by fires. On July 20, 1995, the building located at 18 Lake Street, Farmington, was also set ablaze. On July 27, 1995, the building located at 2 Forest Lane, Canton, was also heavily damaged by fire. The properties in New Britain, Farmington and Canton were leased to tenants, some of whom were in their homes when the fires occurred. Through investigation, it was determined that each of these fires had been set intentionally. The investigators concluded that the [petitioner] had deliberately set these fires for the purpose of recovering the insurance proceeds." Id., 216–17. After his trial concluded, the petitioner was convicted and sentenced, as previously stated.

The petitioner filed an amended petition for a writ of habeas corpus, dated April 11, 2002, alleging that his

trial attorney had rendered ineffective assistance of counsel in the underlying criminal case by failing to investigate a potential insanity defense.[2] His claim of ineffective assistance of counsel was directed at Roger Anstey, who was the third attorney involved in the petitioner's case before he was discharged and replaced prior to sentencing.

A habeas hearing was held on August 16 and September 30, 2002. The court found the following facts that are relevant to our consideration of the petitioner's claims. As a condition of his probation stemming from a 1996 sexual assault conviction,[3] the petitioner received psychotherapy from Jamshid Marvasti, between November, 1996, and December, 1998. Benjamin Ancona, Jr., the petitioner's nephew, represented the petitioner in the sexual assault case as well as in the arson case beginning in February, 1996, until December, 1996, when the petitioner terminated the nephew's employment as counsel. The petitioner's subsequent attorney was discharged and replaced by Anstey, who represented the petitioner from approximately August, 1998, through April, 1999.[4] After trial commenced, Marvasti faxed copies of the petitioner's signed release form and psychiatric treatment notes to Anstey. At trial, Anstey pursued an alibi defense for the petitioner and attempted to show that the fires were a result of natural causes. After the petitioner was found guilty, but prior to sentencing, Anstey noticed that the petitioner became taciturn, withdrawn and concerned about the

---

[2] The petitioner's amended petition originally contained three counts. On the first day of the habeas trial, the petitioner withdrew two counts and proceeded only on the claim of ineffective assistance of counsel.

[3] The petitioner, in January, 1996, pleaded guilty to sexual assault in the fourth degree and received probation.

[4] Anstey had an initial meeting with the petitioner on May 27, 1998. At the point when Anstey began representing the petitioner, the latter's criminal case was already on the jury trial list.

prison authorities listening in on his private conversations. Anstey moved to have the petitioner evaluated for competency.[5] He believed the petitioner's change in behavior was a result of the latter's unhappiness with the guilty verdict.

The petitioner offered testimony from Walid Jaziri, a psychiatrist who had treated him between March and June, 2001. Jaziri spoke with the petitioner during fourteen one hour sessions, consulted with his family about his behavior, reviewed a 1986 letter from a physician concerning the petitioner's carbon monoxide induced fainting spell that he experienced in 1985 and reviewed the petitioner's 1999 competency evaluation indicating he was logical, coherent and goal orientated. On the basis of this information, Jaziri opined that the petitioner suffered from bipolar disorder with psychotic features and depression. According to Jaziri, the petitioner's mental health condition developed over a period of years and was probably in place for years before the 1995 arsons. The condition included episodes of hallucinations, impulsiveness, recklessness and a preoccupation with religion. Jaziri was unable to say, however, whether the petitioner experienced any of the symptoms at any particular time prior to 2001, and he could not say whether the petitioner's mental problems qualified him for the insanity defense.

In a March 25, 2003 memorandum of decision, the court dismissed the petition. On September 25, 2006, the petitioner filed the present appeal.[6]

As an initial matter, we set forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. "The intent of the legislature in

---

[5] The petitioner was found competent.

[6] The petitioner's right to appeal from the denial of his petition for certification was restored following a stipulation by the parties in a subsequent habeas matter.

enacting General Statutes § 52-470 (b)[7] was to discourage frivolous habeas appeals. *Simms* v. *Warden,* 230 Conn. 608, 616, 646 A.2d 126 (1994). With this intent in mind, our Supreme Court, in its decision in *Simms,* incorporated the criteria adopted by the United States Supreme Court in *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the standard of review of a denial of a petition for certification to appeal from a denial of a petition for a writ of habeas corpus. The petitioner must establish a clear abuse of discretion by demonstrating the existence of one of the *Lozada* criteria. Id. These criteria are that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Id., 432; *Barefoot* v. *Estelle,* 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).

"In order to determine whether the petitioner has demonstrated the existence of one of the *Lozada* criteria, we examine the validity of the petitioner's initial habeas claim of ineffective assistance of counsel. In doing so, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States

___

[7] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . .

"To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the counsel guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . The right to counsel is not the right to perfect counsel. . . .

"The second part of the Strickland analysis requires more than a showing that the errors made by counsel may have had some effect on the outcome of the proceeding. . . . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Citations omitted; internal quotation marks omitted.) *Porter* v. *Commissioner of Correction*, 99 Conn. App. 77, 81–83, 912 A.2d 533, cert. granted on other grounds, 281 Conn. 922, 918 A.2d 272 (2007).

"Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . . Accordingly, a court need not determine the deficiency of counsel's performance if consideration of the prejudice prong will be dispositive of the ineffectiveness claim." (Citation omitted; internal quotation marks omitted.) *Griffin* v. *Commissioner of Correction*, 98 Conn. App. 361, 365–66, 909 A.2d 60 (2006).

The petitioner has failed to satisfy his burden under the second prong of *Strickland* and, therefore, cannot prevail on his claim of ineffective assistance of counsel.[8] The court found that Jaziri failed to offer any credible testimony that at the time of the crimes and as a result of mental disease or defect, the petitioner was unable to appreciate the wrongfulness of his acts or to control his conduct within the requirements of the law. Given this lack of credible evidence supporting an insanity defense, the court concluded, it is not reasonably probable that the defense would have resulted in a different outcome at trial.

"The habeas court judge, as the trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 92 Conn. App. 534, 536, 885 A.2d 1268 (2005), cert. denied, 277 Conn. 903, 891 A.2d 2 (2006). After a thorough review of the record, granting appropriate deference to the court's factual findings and credibility determinations, we conclude that the court properly found that the petitioner failed to prove that his counsel's performance prejudiced the defense. We therefore conclude that the petitioner has failed to meet his burden of proof.

---

[8] Because we conclude that the petitioner has failed to satisfy *Strickland*'s prejudice prong, we do not determine whether the alleged failure to investigate an insanity defense constituted deficient representation.

We conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Lozada* v. *Deeds*, supra, 498 U.S. 431–32; *Simms* v. *Warden*, supra, 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.