IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 24, 2006

**DARRYL LEE ELKINS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C48,769   R. Jerry Beck, Judge**

**No. E2005-02153-CCA-R3-PC - Filed January 7, 2008**

**AND**

**RHONDA GRILLS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sullivan County**
**No. C47,524   R. Jerry Beck, Judge**

**No. E2005-02242-CCA-R3-PC**

JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached and most of the reasoning in the majority opinion. I respectfully disagree with the court's statement that the standard of prejudice for ineffective assistance of appellate counsel is whether, absent counsel's deficiency, a reasonable probability exists that the outcome of the appeal would have been different. I believe that the proper standard is the same for trial counsel, that is, whether a reasonable possibility that, but for counsel's deficiency, the outcome of the trial would have been different.

In preface, I do not believe that whether counsel was aware of State v. Burns, 6 S.W.3d 453 (Tenn. 1999), provides the measure for the issues of counsel's deficient performance. Attempted aggravated sexual battery and attempted child abuse were lesser included offenses to attempted child rape both before and after Burns. See T.C.A. § 30-15-401(d) (2003) (child abuse is a lesser included offense of sexual offenses against a child victim); State v. Robbie James, No. 01C01-9609-CR-00388 (Tenn. Ct. Crim. App. Nov. 14, 1997) app. granted, case remanded (Tenn. Feb. 14, 2000); State v. Robbie James, No. M2000-00304-CCA-RM-CD (Tenn. Ct. App. Mar. 20, 2000) (on

remand).  Further, the right to instruction on lesser included offenses raised by the evidence has been recognized in Tennessee for well over a century.  In this regard, I believe counsel performed deficiently in not being aware of and requesting instruction on the lesser included offenses.

Relative to prejudice, the majority opinion cites Smith v. Robbins, 528 U.S. 259, 120 S. Ct. 746 (2000), for the proposition that the outcome of the appeal is the relevant inquiry.  In Smith, writing for the majority, Justice Thomas stated:

> On remand, the proper standard for evaluating Robbins's claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  See Smith v. Murray, 477 U.S. 527, 535-36, 106 S. Ct. 2661 (1986) (applying Strickland to claim of attorney error on appeal).  Respondent must first show that his counsel was objectively unreasonable, see Strickland, 466 U.S. at 687-691, in failing to find arguable issues to appeal - - that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them.  If Robbins succeeds in such a showing, he then has the burden of demonstrating prejudice.  That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief, he would have prevailed on his appeal.  See 466 U.S. at 694 (defendant must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different").

528 U.S. at 285-86, 120 S. Ct. at 764.  Initially, I note that no mention is made in Murray of any specific standard to apply.  Several states have ruled similarly to Robbins by interpreting "the proceeding" to mean the appeal.  See, e.g., Nixon v. State, 932 So. 2d 1009, 1023 (Fla. 2006); Nelson v. Hall, 573 S.E.2d 42, 43 (Ga. 2002); Pierson v. State, 637 N.W.2d 571, 579 (Minn. 2002).

In this regard, for the claim in the present case that trial counsel failed to preserve the lesser included instruction issue, Strickland would require the petitioner to show that a reasonable probability exists that instructing the jury on the lesser included offenses would have resulted in a conviction for a lesser offense.  However, under the majority opinion's rationale, the fact that the claim is couched in terms of the ineffectiveness of appellate counsel would allow the petitioner to obtain a new trial under Tennessee law regardless of whether he would have prevailed on his claim against trial counsel.

At least two states focus the prejudice inquiry of the ineffective assistance of appellate counsel on the result of the trial, rather than the appeal.  In Gering v. State, the Iowa Supreme Court held, "For purposes of applying the Strickland prejudice standard, the gravity of counsel's error, whether at trial or on appeal, must be measured in terms of its probable consequences at trial." 382 N.W.2d 151, 156 (Iowa 1986).  In Bunkley v. Commn'r of Correction, the Connecticut Supreme

Court held that approved prejudice stemming from appellate counsel's performance, a petitioner must show that "as a result of that performance, it is reasonably probable that he remains burdened by an unreliable conviction." 610 A.2d 598, 608 (Conn. 1992). The court reasoned:

> We find convincing guidance . . . from the fundamental rationale of Strickland, namely, the overarching emphasis on the necessity for ensuring the reliability of the verdict that is under attack. The court in Strickland repeatedly defined prejudice in terms of that necessity. Given that emphasis, it cannot be doubted that, if the issue before us today were whether the petitioner had been prejudiced by his trial counsel's failure to object to the "more probable than not" language in the jury instructions, rather than whether he was prejudiced by his appellate counsel's failure to raise on appeal precisely the same improper instruction by the trial court, the appropriate inquiry would be whether there was a reasonable probability that, but for his trial counsel's failure, the verdict would have been different.
>
> . . . .
>
> We conclude that the [inquiry made of the prejudice resulting from trial counsel's errors] should apply to this case, where the petitioner seeks, by way of an attack on his appellate counsel's performance, the same remedy that he sought by way of a contemporaneous attack on his trial counsel's performance . . . namely, a new trial. He seeks that new trial, moreover, by way of the same claimed error by the trial court, namely, the inclusion of the "more probable than not language" in the jury charge. By either route – ineffective assistance of trial counsel or of appellate counsel – his aim is to overturn the jury's verdict. We see no principled reason why he should have a different, more relaxed, burden of establishing prejudice simply because he couches his claim in terms of the misconduct of his appellate counsel rather than of his trial counsel. In either case his burden should be the same: to establish that, based upon the totality of the evidence before the jury and upon the likely effect of the instructional error, as a result of the error of the trial court that was not brought to the attention of either that court or this court on his direct appeal, there is a probability sufficient to undermine confidence in the verdict that he seeks to overturn.

Id. at 605-606 (footnotes omitted). In one footnote, the court explains:

> In most cases, the question of whether the result of an appeal would have been different would be essentially the same as the question of whether the result of the trial would have been different. This is because, ordinarily, the appellate standard for determining whether a particular trial error requires reversal focuses on the likely effect of that error on the verdict. . . . In this case, however, because of the particular direction of [case law on the underlying issue] the question of whether the result of the proceeding would have been different is arguably different . . . .

Id. at 606, n.15 (citations omitted). The court also reasoned that because "[t]he purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding"; Strickland v. Washington, [466 U.S. at] 691-92, 104 S. Ct. at 2067; that "proceeding" must be regarded as the entire continuum of the adjudicatory process, both trial and appeal. Id. at 607. Although Gering and Bunkley preceded Robbins, the Connecticut and Iowa courts continue to cite those courts as precedent for the standard of prejudice on appeal. See, e.g., Porter v. Comm'r of Correction, 912 A.2d 533, 538 (Conn. App. 2007); Rodriquez-Perez v. State, 695 N.W.2d 43 (Iowa App. 2004).

I believe the prejudice standard in Tennessee should be the same whether the issue relates to trial or appellate counsel's ineffectiveness. However, as to petitioner Elkins, I believe the facts are such that a reasonable probability exists that the jury would convict him of a lesser offense than attempted child rape if the jury had been instructed on the lesser included offenses of attempted aggravated sexual battery and attempted child abuse. Therefore, I concur in the results reached in the majority opinion.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE