FRANCIS D.[1] *v.* COMMISSIONER OF CORRECTION
(AC 29271)

Harper, Alvord and Foti, Js.

Argued September 23—officially released December 8, 2009

*Mary Boehlert,* special public defender, for the appellant (petitioner).

*Adam E. Mattei,* special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* former state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Francis D., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his trial counsel rendered ineffective assistance of counsel. Specifically, the petitioner claims that his trial counsel was ineffective because he failed to investigate and pursue the affirmative defense that at the time the petitioner committed the underlying offense of risk of injury to a child,

---

[1] In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

he lacked substantial capacity as a result of mental disease or defect either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law. We dismiss the appeal.

On November 13, 2000, the jury found the petitioner guilty of two counts of risk of injury to a child.[2] On December 15, 2000, the court imposed a total effective sentence of ten years incarceration, execution suspended after six years, and ten years of probation. The petitioner appealed from the judgment of conviction to this court, which affirmed the judgment of the trial court.[3] *State* v. *Francis D.*, 75 Conn. App. 1, 815 A.2d

---

[2] The jury also found the petitioner not guilty of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A). *State* v. *Francis D.*, 75 Conn. App. 1, 4, 815 A.2d 191, cert. denied, 263 Conn. 909, 819 A.2d 842 (2003).

[3] In that opinion, this court set forth the following facts underlying the petitioner's conviction: "On Saturday, July 17, 1999, the victim, who was then twelve years old, was visiting with her grandparents at their home. During the evening hours, the victim and her cousin, who also was visiting, began watching television in the bedroom of the [petitioner], who is the victim's uncle. At that time, the [petitioner] was thirty-nine years of age and lived in the victim's grandparents' home. Sometime thereafter, the victim's cousin left the bedroom and went downstairs.

"Between the hours of 10 and 11 p.m., the [petitioner] entered his bedroom and discovered the victim lying in his bed and watching television. The [petitioner] lay down beside the victim and fell asleep. The victim continued watching television, falling asleep sometime thereafter. Between the hours of 11 p.m. and 1 a.m., the victim awoke to find the [petitioner] touching her breasts. As the [petitioner] was doing that, he moved closer to the victim and began digitally penetrating her vagina. The victim unsuccessfully attempted to push the [petitioner] away.

"When the [petitioner] eventually stopped, the victim moved away from him, remained in bed and fell back to sleep. When the victim awoke the next morning, she felt the [petitioner] fondling and digitally penetrating her vagina. The victim pushed the [petitioner] away and ran from the bedroom. The victim did not immediately report either incident to her mother or to the grandparents on Sunday, July 18, 1999. The victim reported the incidents to her mother on Monday, July 19, 1999.

"Following the victim's disclosure, the mother took the victim to a hospital for an examination. At the hospital, the victim was met by Detective Thaddeus Walewski, Officer Donald Schuler and a social worker at the hospital's

191, cert. denied, 263 Conn. 909, 819 A.2d 842 (2003). On September 11, 2006, the petitioner filed with the habeas court a revised, amended petition for a writ of habeas corpus. Trial was held in the matter on June 5, 2007. The court received testimony from the petitioner, his trial counsel and Andrew W. Meisler, a clinical psychologist, among others. A clinical report, produced by Meisler, was admitted into evidence, as was a similar report that was produced by Robert Tepley, another psychologist. By memorandum of decision issued on September 14, 2007, the court denied the petition and subsequently denied certification to appeal. This appeal followed.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then

emergency department. A physical examination of the victim revealed that she had suffered a superficial bruise on one breast. There was, however, no sign of vaginal trauma. Tests performed as part of a sex crimes kit protocol were inconclusive for sexual assault.

"Two days after first reporting the incident, the victim signed a written statement for the police in which she recounted the attacks of Saturday night, July 17, and Sunday morning, July 18, 1999. On September 16, 1999, the state filed a five count substitute information . . . ." *State* v. *Francis D.*, 75 Conn. App. 1, 3–4, 815 A.2d 191, cert. denied, 263 Conn. 909, 819 A.2d 842 (2003).

prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Gallimore* v. *Commissioner of Correction*, 112 Conn. App. 478, 481 963 A.2d 653 (2009). Furthermore, "[i]n a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities*." (Emphasis added; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 599, 940 A.2d 789 (2008).

On the basis of our review of the record, we conclude that the court properly determined that trial counsel's strategy of not pursuing an affirmative defense that, at the time the petitioner committed the offense, he lacked substantial capacity as a result of mental disease or defect either to appreciate the wrongfulness of his conduct or to control his conduct within the requirements of the law, was reasonable under the circumstances.[4]

[4] William R. Schipul, the petitioner's defense counsel, testified at the habeas trial that he had considered an insanity defense but decided that it would not be the best strategy. Schipul testified that he was concerned that such a strategy would reveal the petitioner's history of severe alcohol abuse, including a prior conviction for manslaughter with a motor vehicle. See *State* v. *Carter*, 198 Conn. 386, 392, 503 A.2d 576 (1986) ("[W]hen insanity is in issue, any and all conduct of the person is admissible in evidence. To this end, the trial judge should permit an unrestricted inquiry into the whole personality of a defendant and should be free in his admission of all possibly

We further conclude that the court properly determined that that strategy was largely successful in that the petitioner was acquitted of the most serious charges lodged against him. See footnote 2 of this opinion. Therefore, we conclude that there is no basis for a finding of deficient performance on the part of defense counsel. The petitioner therefore failed to satisfy the first prong of the *Strickland*[5] test, which requires that he show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defense. We also agree that even had the petitioner managed to overcome that hurdle, there is absolutely no evidence that he was, in any way, prejudiced by counsel's performance. Neither Meisler's testimony, nor his report, provided a basis for a determination that, at the time of the offense, the petitioner was unable to appreciate the wrongfulness of his acts or to control his conduct due to a mental disease or defect, nor did any other evidence adduced at trial. There is, therefore, no reasonable probability that the outcome of the petitioner's trial would have been different. See *Ancona* v. *Commissioner of Correction*, 100 Conn. App. 283, 290–91, 918 A.2d 283 (finding no prejudice due to lack of credible evidence in support of insanity defense), cert. denied, 282 Conn. 918, 928 A.2d 1099 (2007). The petitioner's claim concerning a possible insanity defense, therefore, fails to satisfy both prongs of the *Strickland* test.

We conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of

relevant evidence. Any evidence of aberrant conduct or action, whether before or after the act charged, is accordingly admissible under the [insanity] plea." [Internal quotation marks omitted.]). Schipul testified that he thought that attacking the credibility of the victim would avoid the potential problems inherent in employing an insanity defense in the petitioner's case and would therefore provide a better defense strategy.

[5] See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden, supra,* 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.