### EUGENE RUSSELL *v.* COMMISSIONER OF CORRECTION
### (AC 16711)

Spear, Hennessy and Sullivan, Js.

Argued March 19—officially released June 9, 1998

*James B. Streeto*, special public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Christopher Alexy*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The dispositive issue in this appeal from the habeas court's dismissal of the petitioner's writ of habeas corpus is whether the habeas court abused its discretion in denying the petitioner's request for certification to appeal.

The habeas court dismissed the petitioner's habeas corpus writ after a hearing on his claims of ineffective assistance of counsel. The petitioner alleged that the habeas court abused its discretion in denying certification to appeal because, during the hearing, the habeas court improperly (1) barred from evidence statements made to the petitioner and other witnesses by his counsel, who had since died, that the petitioner claimed were admissible under the residual exception to the hearsay rule, (2) determined that counsel's cross-examination of the medical witnesses was effective assistance of counsel, (3) determined that counsel was not ineffective in examining physician Deborah Bovilsky, (4) determined that counsel did not breach his loyalty to the petitioner, and (5) determined that counsel was not ineffective in failing to object to certain hearsay statements offered in support of assault charges.

In dismissing the petition for a writ of habeas corpus on the ground of ineffective assistance of counsel, the habeas court followed the two-prong test set out in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under this test, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and actual prejudice. The first prong is satisfied by proving that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the sixth amendment. The second prong is satisfied if it is demonstrated that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The habeas court did not improperly prohibit evidence of statements of deceased counsel under the residual exception to the hearsay rule. "As with other evidentiary matters, the trial court has broad discretion in ruling on the applicability of the residual exception. . . . We will reverse the trial court's refusal to admit

evidence under the residual exception only upon a showing of a clear abuse of discretion." (Citations omitted.) *State* v. *Rodriguez*, 39 Conn. App. 579, 604, 665 A.2d 1357 (1995), rev'd on other grounds, 239 Conn. 235, 684 A.2d 1165 (1996). The petitioner's claim as to counsel's examination of Bovilsky has no merit. A review of the briefs and transcripts shows that this examination was adequate. The habeas court stated in its memorandum of decision that it disagreed with the petitioner's claim that his counsel failed to cross-examine the state's witnesses adequately. In addition, the court found that, while certain statements made by counsel about the petitioner were improper, they did not prejudice him, nor was there any evidence that the jury was aware of them. The habeas court also found that counsel's failure to object to testimony of questionable admissibility did not render his performance deficient.

After a thorough review of the record and briefs in this habeas action, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal is a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.