BURNEST FREENEY *v.* COMMISSIONER OF CORRECTION
(AC 17383)

Lavery, Schaller and Daly, Js.

Argued September 29—officially released December 29, 1998

*David B. Rozwaski*, special public defender, for the appellant (petitioner).

*James A. Killen*, assistant state's attorney, with whom, on the brief, was *John Bailey*, chief state's attorney, for the appellee (respondent).

*Opinion*

DALY, J. The petitioner, Burnest Freeney, appeals from the habeas court's dismissal of his writ of habeas corpus and denial of his petition for certification to this court.[1] We affirm the judgment of the habeas court.

---

[1] On January 16, 1992, following a jury trial, the petitioner was convicted of two counts of kidnapping in the first degree in violation of General Statutes §§ 53a-92 (a) (2) (A) and 53a-8, one count of assault in the third degree in violation of General Statutes § 53a-61 and two counts of sexual

On November 12, 1992, the petitioner filed a pro se petition for a writ of habeas corpus claiming that (1) he was incompetent to stand trial and (2) he received ineffective assistance of counsel. The habeas court appointed counsel for the petitioner. After examining the factual and legal bases for the petitioner's claims, counsel concluded that the claims were frivolous.

Consequently, on December 6, 1996, petitioner's counsel filed a motion to withdraw as counsel. Counsel supplied the habeas court with trial court transcripts, a private investigator's notes and a letter written by Kenneth Selig, a psychiatrist, all of which indicated that the petitioner was competent to stand trial and had received effective assistance of counsel. On March 12, 1997, the habeas court granted counsel's motion to withdraw and sua sponte dismissed the habeas petition as frivolous. On June 12, 1997, the habeas court denied the petitioner's petition for certification to appeal because the appeal was frivolous.

I

The petitioner's first claim on appeal is that the habeas court improperly denied certification to appeal. Specifically, the petitioner claims that the habeas court abused its discretion in denying certification because the petitioner has shown that the issues presented are debatable among jurists of reason. This claim is without merit.

When challenging an adverse judgment of the habeas court, the petitioner must meet a two-pronged test. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of

---

assault in the first degree as an accessory in violation of General Statutes §§ 53a-70 (a) and 53a-8. Our Supreme Court vacated one of the petitioner's kidnapping convictions on double jeopardy grounds.

discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). A petitioner establishes a clear abuse of discretion if he demonstrates "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id., 616.

Our review of the record indicates that reasonable jurists could not determine that the petitioner was incompetent to stand trial or received ineffective assistance of counsel. The petitioner argues that the court abused its discretion because jurists of reason could have concluded that the petitioner (1) was incompetent to stand trial because the court did not have enough information to conclude otherwise and (2) was denied his constitutional right to effective assistance of counsel because counsel did not allow the petitioner to testify on his own behalf. We are not persuaded. The record clearly indicates that the court had enough information to conclude that the petitioner was competent to stand trial. Moreover, the record is clear that the court informed the petitioner that the decision to testify was his and gave the petitioner the opportunity to testify if he so chose. The petitioner chose not to testify. Therefore, we conclude that the habeas court did not abuse its discretion in denying certification to appeal.

II

The petitioner's second claim on appeal is that the habeas court improperly denied his right to address the reasons for which the court dismissed the petition. This claim is also without merit.

Practice Book § 23-41, formerly § 529T, provides that "[w]hen counsel has been appointed . . . and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous . . . shall so advise the judicial authority by filing a motion for leave to withdraw from the case. . . . The petitioner shall have thirty days from the date the motion is filed to respond in writing. . . ." Practice Book § 23-42, formerly § 529U, further provides that "[i]f the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall consider whether the petition shall be dismissed or allowed to proceed, with the petitioner pro se. . . ."

The petitioner's claim is not clear as to how the habeas court denied his right to address that court's dismissal of his petition. Pursuant to Practice Book § 23-41, the habeas court gave the petitioner the opportunity to file a written opposition to counsel's request to withdraw, which the petitioner filed. After reviewing the petitioner's objection, the habeas court concluded that the habeas petition was frivolous and dismissed it. If the petitioner is claiming that he was entitled to oral argument to set forth his objections to the dismissal, he fails to provide us with, nor can we find any, authority to support that claim. We conclude that the petitioner was provided adequate opportunity to address the court's dismissal of his petition.

The appeal is dismissed.

In this opinion the other judges concurred.