KEVIN HOLMES *v.* COMMISSIONER OF
CORRECTION
(AC 28050)

McLachlan, Lavine and West, Js.

Argued March 12—officially released May 13, 2008

*Kevin E. Dehghani*, special public defender, for the appellant (petitioner).

*Adam E. Mattei*, special deputy assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Kevin Holmes, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly concluded that his first habeas counsel rendered effective assistance. We dismiss the petitioner's appeal.

The petitioner was convicted, after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59. The petitioner was sentenced to fifteen years incarceration, suspended after twelve years, with five years of probation. In 2002, the petitioner filed a petition for a writ of habeas corpus, alleging ineffective assistance of counsel due to the failure of his trial counsel, attorney Eroll Skyers, to file a fee waiver to appeal. Attorney Lawrence Hopkins represented the petitioner with respect to his first petition for a writ of habeas corpus. Hopkins did not raise a claim regarding a potential conflict of interest on the part of Skyers. The parties, however, resolved the petition for a writ of habeas corpus with a stipulation, and in accordance with that stipulation, the court rendered judgment restoring the petitioner's appellate rights. Subsequently, the petitioner appealed to this court, which affirmed the petitioner's conviction, and our Supreme Court denied certification to appeal. See State v. Holmes, 90 Conn. App. 544, 545, 877 A.2d 826, cert. denied, 275 Conn. 927, 883 A.2d 1250 (2005).

The petitioner then filed a second petition for a writ of habeas corpus, which was subsequently amended, claiming ineffective assistance of Hopkins on the ground that Hopkins did not include in the first petition for a writ of habeas corpus an allegation of a conflict of interest on the part of Skyers. This second amended petition is the petition involved in this appeal. The court, T. Santos, J., held a one day hearing on the petitioner's second amended petition for a writ of habeas corpus and heard testimony from the petitioner and Skyers. The petitioner testified that after the jury's verdict, Skyers told him that he knew the victim's family. The petitioner also testified that he told Hopkins that Skyers knew the victim's family. Skyers, however, testified that, prior to the trial, he told the petitioner that the victim, Kenneth Dennis, may have been related to a

friend of his, Brian Dennis. Skyers based that possibility solely on the common surname. Skyers testified that he had asked Brian Dennis if he knew of or was related to Kenneth Dennis, and Brian Dennis stated unequivocally that he did not know Kenneth Dennis.

On August 17, 2006, the court issued a memorandum of decision, denying the petitioner's second amended petition for a writ of habeas corpus. Subsequently, the petitioner filed a petition for certification to appeal from the denial of his petition for a writ of habeas corpus on the ground of "[s]ufficiency of the evidence." The court denied the petition for certification to appeal, and on January 25, 2007, the court articulated its basis for denying the petition for certification to appeal. The court reasoned that "[t]he petition for certification to appeal . . . did not specify any grounds that would allow this court to evaluate the merit of the claims to be pursued on appeal. The court found, therefore, that an appeal would be frivolous and denied the petition for certification to appeal."

"[A] disappointed habeas corpus litigant [may] invoke appellate jurisdiction for plenary review of the decision of the habeas court upon carrying the burden of persuasion that denial of certification to appeal was an abuse of discretion or that injustice appears to have been done. . . . The Supreme Court adopted this test in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994) . . . and stated that the petitioner must first show that the habeas court's decision was an abuse of discretion. To establish an abuse of discretion, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If the appeal meets one of the criteria set forth in [*Simms* v. *Warden*, supra, 608], the habeas

court's failure to grant certification to appeal constitutes an abuse of discretion. After successfully demonstrating the existence of an abuse of discretion, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted; internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 103 Conn. App. 366, 367–68, 928 A.2d 1245, cert. denied, 284 Conn. 921, 933 A.2d 723 (2007).

On the basis of our review of the record and the thorough memorandum of decision, we conclude that the court did not abuse its discretion in denying the petition for certification to appeal from its denial of the petitioner's second amended petition for a writ of habeas corpus. The court found that "[a]t best, the evidence presented by the petitioner only intimates the possibility of a conflict of interest. For example, the petitioner has not shown that there is a relationship, if any, between Kenneth Dennis and Brian Dennis." As such, the court found that "[t]he petitioner has in no way established that an actual conflict of interest adversely affected attorney Skyers' performance." Therefore, the court concluded that the petitioner had not "proven the required ineffective assistance of trial counsel that would form the basis for a claim of ineffective assistance of prior habeas counsel." The petitioner did not present any evidence that there was an actual conflict of interest on the part of Skyers. See *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 584–85, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998). As such, the issue is not debatable among jurists of reason, a court could not resolve the issue in a different manner and the question is not adequate to deserve encouragement to proceed further. As a result, the court did not abuse its discretion in denying the petitioner certification to appeal from the court's denial of his second amended petition for a writ of habeas corpus.

The appeal is dismissed.