JESUS E. ROMERO *v.* COMMISSIONER OF CORRECTION
(AC 28782)

DiPentima, Gruendel and West, Js.

Argued October 23, 2008—officially released January 27, 2009

*Mary Anne Royle*, special public defender, for the appellant (petitioner).

*Raheem L. Mullins*, deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Jesus E. Romero, appeals following the habeas court's denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel rendered ineffective assistance. We dismiss the appeal.

The following facts and procedural history provide the necessary background to the disposition of the petitioner's appeal. The petitioner was convicted, after a jury trial, of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), one count of attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-70 (a) (2) and 53a-49, one count of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21, as amended by Public Acts 1995, No. 95-147, § 1, and one count of risk of injury to a child in violation of General Statutes (Rev. to 1993) § 53-21. On direct appeal, we affirmed the judgment of conviction. *State*

v. *Romero*, 59 Conn. App. 469, 757 A.2d 643, cert. denied, 255 Conn. 919, 763 A.2d 1043 (2000).

In the petitioner's direct appeal, this court determined that the jury reasonably could have found the following facts. "The victim was born on March 4, 1987. The [petitioner] was the boyfriend of the victim's mother. In 1989, the [petitioner] lived with the mother and continued to live with the family for six years. The mother had one child with the [petitioner].

"When the victim was five years old, the [petitioner] began sexually abusing her. Between 1993 and 1995, the [petitioner] on several occasions had the victim perform oral sex on him. On one occasion in 1994, the [petitioner] attempted to have sexual intercourse with the victim, but was unsuccessful. During these incidents, the mother was not home.

"The victim initially did not report these activities to anyone. In August, 1996, however, the victim told her mother about the [petitioner's] conduct. At this time, the [petitioner] was not residing with the mother and the victim. The mother then contacted the police. Lieutenant Kathleen Wilson of the Waterbury police department interviewed the victim, who disclosed the details of the [petitioner's] conduct, including that the [petitioner] had a mole on his penis. Photographs submitted at trial confirmed this distinguishing mark as did the testimony of the victim, the victim's mother and the [petitioner]. Moreover, the mother, as well as the [petitioner], testified that there was no innocent way that the victim could inadvertently have observed the [petitioner]. In October, 1996, the police arrested and charged the [petitioner] with risk of injury to a child, sexual assault in the first degree and attempt to commit sexual assault in the first degree.

"On or about June, 1997, the victim's family moved to New Hampshire. At this time, the victim recanted

her allegations to her mother. The mother took the victim to see Sidney Horowitz, a psychologist. During her meeting with Horowitz, the victim again recanted her allegations against the [petitioner]. At trial, the victim testified that she had recanted because she had felt bad for her half-brother, who was the [petitioner's] son.

"In 1997, the victim told a friend, Y, about the [petitioner's] conduct. The victim then informed her mother that her original allegations against the [petitioner] were true. Y testified as a constancy of accusation witness regarding the victim's complaint.

"On July 7 and 8, 1998, the court granted motions by the [petitioner] for judgment of acquittal of one count of attempt to commit sexual assault in the first degree and one count of risk of injury to a child. On July 10, 1998, the jury returned a verdict of guilty on the remaining five counts. On September 11, 1998, the court sentenced the [petitioner] to a total effective sentence of twenty-five years imprisonment, suspended after fifteen years, and twenty-five years probation." Id., 471–73.

Following his unsuccessful direct appeal to this court, the petitioner brought this petition for a writ of habeas corpus. In his second amended petition, the petitioner asserted, inter alia, several claims of ineffective assistance of trial counsel. In a detailed memorandum of decision, the habeas court denied the petition, finding as to his ineffective assistance of trial counsel claims that the petitioner had failed to prove that he was denied effective assistance under the two-pronged test set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[1] This appeal

---

[1] "Under [the *Strickland*] test, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and actual prejudice. The first prong is satisfied by proving that counsel made errors so serious that he was not functioning as the 'counsel' guaranteed by the sixth amendment. The second prong is satisfied if it is demonstrated that there exists a reasonable probability that, but for

followed. On appeal, the petitioner pursues three of the issues he raised in his petition. The petitioner claims that trial counsel provided ineffective assistance by failing to object properly to constancy of accusation testimony, failing to investigate adequately in preparation of the petitioner's defense and failing to object properly to prosecutorial impropriety.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For

counsel's unprofessional errors, the result of the proceeding would have been different." *Russell* v. *Commissioner of Correction*, 49 Conn. App. 52, 53, 712 A.2d 978, cert. denied, 247 Conn. 916, 722 A.2d 807 (1998), cert. denied sub nom. *Russell* v. *Armstrong*, 525 U.S. 1161, 119 S. Ct. 1073, 143 L. Ed. 2d 76 (1999).

the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Guadalupe* v. *Commissioner of Correction*, 83 Conn. App. 180, 182, 849 A.2d 883, cert. denied, 270 Conn. 911, 853 A.2d 525 (2004).

We first address the petitioner's claim that the habeas court improperly concluded that he failed to demonstrate that his trial counsel provided him with ineffective assistance by failing to object properly to constancy of accusation testimony under the exception enunciated in *State* v. *Troupe*, 237 Conn. 284, 677 A.2d 917 (1996) (en banc).[2] The petitioner asserts that his trial counsel, Thomas K. McDonough, should have objected to the proposed constancy testimony on the following two grounds:[3] first, that the victim's recantation of her

---

[2] In *Troupe*, our Supreme Court concluded that "a person to whom a sexual assault victim has reported the assault may testify only with respect to the fact and timing of the victim's complaint; *any testimony by the witness regarding the details surrounding the assault must be strictly limited to those necessary to associate the victim's complaint with the pending charge, including, for example, the time and place of the attack or the identity of the alleged perpetrator.* . . . Thus, such evidence is admissible only to corroborate the victim's testimony and not for substantive purposes." (Emphasis added.) *State* v. *Troupe*, supra, 237 Conn. 304. Furthermore, "[b]efore the evidence may be admitted . . . the victim must first have testified concerning the facts of the sexual assault and the identity of the person . . . to whom the incident was reported." Id., 304–305.

[3] In the petitioner's direct appeal to this court, we stated that McDonough raised the following objection to the testimony of the state's constancy witness, Y, at trial: "I don't think it's in any way relevant or admissible in any way to have this other young lady testify . . . . My point is that if this witness is going to testify about anything other than the limited things permitted in *Troupe*, I don't think it's permissible. . . . I just don't think it's material. . . . What I'm saying is, it is immaterial because it is not proving anything. The only thing that a constancy witness should be allowed to prove under the constancy case is to remove this bias jurors have regarding the lack of a fresh report. That's not the case here. . . . [F]or the purpose of a constancy witness I think at the very least it should be an adult, not

accusations against the petitioner broke the chain of constant accusation, thereby making Y's testimony inadmissible under *Troupe*[4] and, second, that the testimony itself exceeded the permissible scope of *Troupe*.[5] As to these claimed areas of ineffectiveness alleged by the petitioner, the habeas court found that McDonough's representation was not deficient. As to the first ground, the court found that "[w]hile the petitioner's claimed limitation on constancy evidence [which was that a recantation breaks the chain of accusation] may at some point in the future be the rule in Connecticut, that is not the case at present and was not the law at the time of the petitioner's criminal trial." As a result, the court concluded, McDonough was not deficient for failing to predict the future status of the law concerning the admissibility of constancy evidence. As to the second ground, the court found that the testimony of the constancy of accusation witness regarding her friendship with the victim and the conduct of the victim as she related her accusation to the witness was outside the scope of *Troupe*, as it did not relate in any way to the details of the assaults. Consequently, the court concluded, *Troupe* was inapplicable to that portion of the constancy witness' testimony, and, therefore, McDonough was not deficient in failing to object to this testimony on these grounds. See *State* v. *Cosby*, 99

another child." (Internal quotation marks omitted.) *State* v. *Romero*, supra, 59 Conn. App. 476 n.6.

[4] In his direct appeal, the petitioner argued that "the victim's recantation 'broke' the chain of constant accusation, rendering Y's testimony inadmissible as constancy evidence." *State* v. *Romero*, supra, 59 Conn. App. 476. Because the petitioner did not properly preserve his claim for appeal, we declined to afford it review. Id., 477.

[5] In his direct appeal, the petitioner claimed that "Y's testimony about the victim's demeanor when she recounted the assault to Y should not have been admitted because of its prejudicial quality." *State* v. *Romero*, supra, 59 Conn. App. 478. The petitioner, however, failed to object properly to this testimony at trial. Id. This court concluded that "[b]ecause the [petitioner] failed to preserve his claim properly by articulating the basis for his objection to this evidentiary ruling, we decline to review this claim." Id., 479.

Conn. App. 164, 172, 913 A.2d 1068 (*Troupe* inapplicable to testimony not regarding details of alleged assault), cert. denied, 281 Conn. 920, 918 A.2d 273 (2007).

The petitioner's second claim on appeal involves McDonough's alleged failure to investigate properly in preparation of the petitioner's defense. Specifically, the petitioner alleges that McDonough failed to investigate and to obtain evidence that the department of children and families interviewed the children living in the household at the time of the alleged assaults and discovered no evidence of abuse. The court found this claim to be without merit. "[A]lthough it is incumbent on a trial counsel to conduct a prompt investigation of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction . . . counsel need not track down each and every lead or personally investigate every evidentiary possibility." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 285 Conn. 585, 598–99, 940 A.2d 789 (2008). The court concluded that the petitioner failed to introduce evidence at his habeas trial that would allow the court to determine whether McDonough inadequately investigated and presented those claims. "In a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities*." (Emphasis added; internal quotation marks omitted.) Id., 599. Moreover, the habeas court concluded that the petitioner failed to show how, had McDonough presented the evidence in question, the outcome of the trial would have been different.

Last, the petitioner claims that McDonough provided ineffective assistance of counsel in failing to object to prosecutorial impropriety that allegedly occurred when the state cross-examined the petitioner and again during the state's closing argument. The habeas court analyzed

these claims by applying the two step analytical process set forth in *State* v. *Stevenson*, 269 Conn. 563, 849 A.2d 626 (2004). "The two steps are separate and distinct: (1) whether [impropriety] occurred in the first instance; and (2) whether that [impropriety] deprived a defendant of his due process right to a fair trial." (Internal quotation marks omitted.) Id., 572. First, the petitioner claims that McDonough failed to object to the state's asking the petitioner on cross-examination about the veracity of another witness. The habeas court concluded that the petitioner failed to show that McDonough was deficient in not objecting, noting that the record revealed that not raising the objection was likely a trial strategy aimed at undermining the credibility of that witness. Moreover, the court concluded that the petitioner did not show that he was deprived of his right to a fair trial by this alleged impropriety.

The petitioner also claims that McDonough failed to object to alleged prosecutorial impropriety that occurred during the state's closing argument. The petitioner alleges that the prosecutor, Cara F. Eschuk, on six occasions, improperly vouched for the veracity of the victim's testimony and, on three occasions, argued facts that were not in evidence. The habeas court concluded that Eschuk had not vouched for the veracity of the victim's testimony but, rather, argued permissibly that the totality of the facts in evidence corroborated the testimony. Next, the court concluded that only in one of the instances alleged by the petitioner did Eschuk argue facts that were not in evidence. The habeas court concluded that although it was improper for Eschuk to comment that it is rare that a perpetrator of a sex crime is found virtually in the act of committing the crime, the petitioner had failed to show that he was deprived of his right to a fair trial by this comment.

In summary, the court found that the petitioner had failed to prove deficient performance by McDonough

and that the petitioner had failed to prove any prejudice arising out of any claimed deficiency. The court's findings are supported by the evidence in the record. "We cannot, in a habeas corpus appeal, disturb underlying historical facts found by the habeas court unless they are clearly erroneous. . . . The habeas court judge, as trier of the facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Groomes* v. *Commissioner of Correction*, 86 Conn. App. 486, 489, 862 A.2d 305 (2004), cert. denied, 273 Conn. 907, 868 A.2d 747 (2005).

We conclude that the court's thoughtful and comprehensive analysis of the facts found is sound. Moreover, our thorough review of the issues raised by the petitioner as well as the court's resolution of those issues leads us to conclude that the petitioner has failed to demonstrate that any further review is warranted. The court properly concluded that the petitioner failed to demonstrate that McDonough's representation was deficient. The record does not reveal any errors made by trial counsel that deprived the petitioner of his right to effective representation. Furthermore, considering the record in light of *Strickland*, we cannot conclude that the issues in this case are debatable among jurists of reason, that they could have been resolved in a different manner or that they raise any question deserving of further examination. See *Simms* v. *Warden*, supra, 230 Conn. 616. Therefore, we conclude that the court's denial of the petition for certification to appeal reflected a sound exercise of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.