## JEFFREY RIDDICK *v.* COMMISSIONER OF CORRECTION
### (AC 27975)

DiPentima, Robinson and Schaller, Js.

Argued December 8, 2008—officially released March 31, 2009

*Deborah G. Stevenson*, special public defender, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly* and *Gail P. Hardy*, state's attorneys, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Jeffrey Riddick, appeals following the habeas court's denial of his petition for certification to appeal from the judgment dismissing his petition for a writ of habeas corpus. On

appeal, the petitioner claims that the court (1) abused its discretion by denying his petition for certification to appeal from the dismissal of his habeas petition, (2) improperly granted habeas counsel's motion to withdraw, (3) improperly dismissed the habeas petition without an evidentiary hearing and (4) violated the petitioner's right to due process by waiting two years before ruling on the petition for certification to appeal from the dismissal of the habeas petition. We conclude that the court did not abuse its discretion in denying the petition for certification and, accordingly, dismiss the petitioner's appeal.

The petitioner was convicted of murder in violation of General Statutes § 53a-54a and risk of injury to a child in violation of General Statutes § 53-21 (1). The trial court sentenced the petitioner to a term of incarceration of sixty-three years. This court upheld the petitioner's conviction in *State* v. *Riddick*, 61 Conn. App. 275, 763 A.2d 1062, cert. denied, 255 Conn. 946, 769 A.2d 61 (2001).

The petitioner, acting pro se, commenced the present action, setting forth a claim of ineffective assistance of trial counsel, attorney Jayne Kennedy. In August, 2001, attorney Margaret P. Levy entered an appearance on behalf of the petitioner. On October 15, 2003, the petitioner filed an amended petition for a writ of habeas corpus, alleging a denial of due process and ineffective assistance of counsel.

On December 10, 2003, pursuant to Practice Book § 23-41, Levy filed a notice of motion for leave to withdraw, a motion for leave to withdraw and a memorandum of law in support of the motion for leave to withdraw. In her motion, Levy concluded that the petitioner's claims were "factually and legally wholly frivolous" and therefore requested to withdraw her appearance. By way of a letter dated December 12,

2003, the clerk of the Superior Court informed the petitioner of Levy's motion and indicated that any objection was required in writing by January 12, 2004. On January 9, 2004, the petitioner filed his written objection to Levy's motion.

The habeas court issued a memorandum of decision on February 24, 2004, granting Levy's motion to withdraw her appearance. The court found that both the due process claim and the ineffective assistance of trial counsel claim were frivolous. The court also dismissed the petition for a writ of habeas corpus pursuant to Practice Book § 23-42. On March 11, 2004, the petitioner filed a petition for certification to appeal, which the court denied on August 4, 2006. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Coleman* v. *Commissioner of Correction*, 108 Conn. App. 836, 838, 949 A.2d 536, cert. denied, 289 Conn. 913, 957 A.2d 876 (2008); *Holmes* v. *Commissioner of Correction*, 107 Conn. App. 662,

664–65, 946 A.2d 291, cert. denied, 288 Conn. 905, 953 A.2d 649 (2008).

I

The petitioner first claims that the court abused its discretion in denying his petition for certification to appeal as to his claim that the court improperly granted Levy's motion for permission to withdraw. Specifically, he argues that (1) the court failed to comply with the requirements of *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), (2) Levy failed to comply with the requirements of *Anders* and (3) the court improperly granted the motion to withdraw when there were nonfrivolous issues before the court. We are not persuaded and conclude that the court did not abuse its discretion in denying the petition for certification to appeal.[1]

The following additional facts are necessary for our discussion. In the amended petition for a writ of habeas corpus, the petitioner alleged that he was denied due process as a result of (1) the failure to accommodate his hearing impairment pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (2) his conviction being based on unreliable evidence and (3) actual innocence. Additionally, he claimed that he had received ineffective assistance of counsel as a result of Kennedy's failure (1) to conduct a full and adequate investigation of the state's case and his innocence, (2) to arrange for independent forensic testing of certain physical evidence, (3) to preserve the request that the trial court instruct the jury that it could consider the circumstances under which his statement to the police

---

[1] As a result, we conclude that the petitioner's claim that the court improperly failed to act on his request for new appointed counsel is moot. After the court determined that there were no nonfrivolous issues and granted the motion for counsel to withdraw, there would be no basis for the appointment of counsel.

was taken and (4) to ensure that the petitioner be convicted only under the reasonable doubt standard.

In the memorandum of law in support of her motion to withdraw, Levy stated that she conducted a "conscientious investigation and examination" with respect to the claims set forth in the habeas petition. She spoke with two audiologists, who each stated that the assistive device provided to the petitioner at the criminal trial was appropriate.[2] One of the audiologists indicated that the petitioner's reading level may have caused his difficulty with the device used at the trial. After investigation, Levy learned that the petitioner's department of correction file did not contain any educational records and that his high school records were two decades old as of the time of trial. Thus, these records would not provide accurate information pertaining to the petitioner's reading ability at the trial. She also observed that this court had concluded, on direct appeal, that the petitioner's claim that he was entitled to additional accommodations pursuant to 42 U.S.C. § 12101 et seq.

---

[2] Prior to the commencement of the trial, the court provided the petitioner with two options for listening devices. *State* v. *Riddick,* supra, 61 Conn. App. 279–80. He selected the CART system. Id., 280. "CART is a computer assisted simultaneous transcription system. The [petitioner] was provided with a monitor on which he could read the transcription of everything that was said during the trial. The text of the transcription scrolled up the screen as the trial progressed." Id.

The petitioner had filed a request for additional equipment known as the Brauser system to work in conjunction with the CART system. Id. "A Brauser system would have allowed the [petitioner] to stop the scrolling text on his monitor at any time so that he could read more slowly. It also would have allowed him to back up and read text that already had scrolled past." Id. The trial court carefully evaluated the efficacy of the CART system before it rejected the request for the Brauser system. Id., 280 n.4. The court also stated that it would make an effort to "keep the tempo of the testimony slow paced to be of maximum assistance to the [petitioner]." (Internal quotation marks omitted.) Id., 281 n.4. Finally, the court arranged for a signal that would prompt it to pause the proceedings and allow communications between the petitioner and Kennedy and would allow the petitioner to have any testimony read back to him. Id.

was without merit. See *State* v. *Riddick,* supra, 61 Conn. App. 282–84.

Levy consulted with "a number of experienced criminal attorneys in Connecticut, including several with extensive experience in habeas corpus matters." All of these attorneys agreed that the petitioner's claims were wholly frivolous. Levy also spoke with Kennedy, who stated that the petitioner never provided her with an alibi or witness who could testify as to his whereabouts during the period from December 23 through 25, 1996.[3] Additionally, the petitioner failed to provide Levy with any evidence in support of his claim of actual innocence.

Levy also spoke with Kennedy as to why no independent forensic testing had been done. Kennedy informed Levy that none of the test results connected the petitioner to the evidence, and, therefore, further testing would not have been helpful and could have been extremely harmful if damaging evidence linking the petitioner to the crimes had been uncovered.

In the petitioner's objection to the motion to withdraw, he stated, inter alia, that certain inconsistencies as to when the victim died were relevant to his claim of actual innocence. He further stated that he learned that his department of education records were available and that a certain witness was "ready and willing to testify" that the victim was alive on the morning of December 25, 1996. The petitioner, however, failed to provide a copy of his educational records or the promised affidavit from his witness.

---

[3] The petitioner visited the victim on December 23, 1996. *State* v. *Riddick,* supra, 61 Conn. App. 278. The police determined that he was the last person to see the victim alive and questioned him on December 25, 1996. Id. The officers obtained a confession from the petitioner at approximately 9:30 p.m. and placed him under arrest shortly before midnight. Id., 278–79. The petitioner has claimed that certain discrepancies existed as to the time of death of the victim.

On February 24, 2004, the habeas court issued its memorandum of decision. It stated that it had reviewed the file, including both Levy's memorandum of law and the petitioner's objection. The court stated: "[Levy's] memorandum of law contains numerous [citations] to the trial transcript that reveal that trial counsel did raise issues that the petitioner claims were not raised. It is also apparent from the file that the petitioner has never proffered an alibi, witness or any other evidence of actual innocence to any of his counsel. The petitioner complained in his amended petition that trial counsel was ineffective since she did not perform an independent investigation into certain evidence presented by the state. There was, however, no prejudice to the petitioner because the evidence in question did not connect the petitioner to the crime." The court also concluded that the due process claim relating to his hearing impairment previously had been litigated and, therefore, was barred by the doctrine of res judicata.

Following the petitioner's appeal, the respondent, the commissioner of correction, filed a motion requesting that the court articulate what comprised the file that it had reviewed in deciding the motion to withdraw. On March 27, 2008, the court issued its articulation, stating that although it had no independent recollection of the present case, its "normal procedure . . . is to review all documents submitted by [the] petitioner's counsel and [the] petitioner." The court further noted that because there were transcription citations in Levy's memorandum of law, the court ordinarily would obtain the transcript for review. The court also observed that it was "common practice to require counsel to submit specific transcripts, even when they are not referenced in the *Anders* brief."

Before addressing the petitioner's specific arguments, it will be helpful to set forth the legal principles regarding an *Anders* brief. In *State* v. *Pascucci*, 161

Conn. 382, 385–86, 288 A.2d 408 (1971), our Supreme Court stated: "[T]he United States Supreme Court in *Anders* v. *California*, [supra, 386 U.S. 738], outlined the procedure which it held was constitutionally required in such circumstances to assure to indigent defendants substantial equality and fair process on appeal. . . . In the *Anders* case, the court said (pp. 744, 745): 'The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. . . . Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . . . This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the Court to pursue all the more vigorously its own review because of the ready references not only to the record but also to the legal authorities as furnished it by counsel.' "

### A

The petitioner first argues that the court failed to comply with the requirements of *Anders* v. *California*, supra, 386 U.S. 738. Specifically, he contends that the

court failed to read the trial transcript.[4] We conclude, however, that the record does not support the petitioner's contention.

The court stated in its memorandum of decision that it had reviewed the file and noted the specific reference to the transcript citations contained in Levy's memorandum of law. In its articulation, the court stated, several times, that its common practice in considering *Anders* motions was to review the transcript of the underlying criminal trial and request transcripts if counsel had failed to provide them. The petitioner takes the position that we should presume that the court did not read the transcripts. We note that generally "[a] judge is presumed to have performed his duty properly unless the contrary appears." (Internal quotation marks omitted.) *State* v. *Hoskie*, 74 Conn. App. 663, 669, 813 A.2d 136, cert. denied, 263 Conn. 904, 819 A.2d 837 (2003). Additionally, the petitioner, as the plaintiff, bore the heavy burden of proof as to his entitlement to a writ of habeas corpus. See *Lubesky* v. *Bronson*, 213 Conn. 97, 110, 566 A.2d 688 (1989). Simply put, we cannot

---

[4] The petitioner refers to Practice Book § 43-36, which provides: "The presiding judge shall fully examine the briefs of counsel and of the defendant, *and shall review the transcript of the trial.* If, after such examination, the presiding judge concludes that the defendant's appeal is wholly frivolous, such judge may grant counsel's motion to withdraw and refuse to appoint new counsel. Before refusing to appoint new counsel, the presiding judge shall make a finding that the appeal is wholly frivolous and shall file a memorandum, setting forth the basis for this finding." (Emphasis added.) We note, however, that chapter 43 is found in the "Procedure in Criminal Matters" portion of the Practice Book.

Practice Book § 23-42 (a) provides: "If the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall consider whether the petition shall be dismissed or allowed to proceed, with the petitioner pro se. If the petition is not dismissed, the judge ruling on the motion to withdraw as counsel shall not preside at any subsequent hearing on the merits of the case." The express language requiring the court to review the transcript of the trial found in Practice Book § 43-36 is absent from Practice Book § 23-42. Chapter 23 is found in the "Procedure in Civil Matters" portion of the Practice Book. Furthermore, Practice Book §§ 23-21 through 23-42 address procedures specific to writs of habeas corpus.

conclude, on the basis of the record before us, that the court did not review the transcripts of the underlying criminal trial.[5] Accordingly, the petitioner has failed to establish that the court abused its discretion in denying the petition for certification to appeal as to this argument.

## B

The petitioner next argues that Levy failed to comply with the requirements of *Anders* v. *California*, supra, 386 U.S. 738, and that the court improperly granted the motion to withdraw when there were nonfrivolous issues before the court. We are not persuaded.

We have reviewed thoroughly the entire record before us. Levy's memorandum of law in support of her motion to withdraw set forth a variety of potential claims of Kennedy's ineffectiveness. Levy, however, demonstrated why the potential claims were frivolous in light of the standard established in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[6] Contrary to the petitioner's claim, Levy served as an active and conscientious advocate to the

[5] The facts of the present case distinguish it from *Paulsen* v. *Manson*, 193 Conn. 333, 476 A.2d 1057 (1984). In *Paulsen*, the attorney appointed to represent the petitioner on direct appeal failed to review the transcript of the plea proceeding or to submit it to the court. Id., 335, 338–39. A second attorney, appointed to review the brief of the first, also did not consider the transcript of the plea. Id., 336, 338–39. After observing that neither the attorneys nor the court had reviewed the plea transcript, our Supreme Court concluded that these omissions resulted in a failure to comply with the constitutionally mandated requirements as set forth in *Anders* v. *California*, supra, 386 U.S. 738. Contrary to the facts of *Paulsen*, in which it was undisputed that both the appointed attorneys and the court had failed to review the relevant transcript, in the present case it would appear that the court did in fact consider the transcript of the underlying criminal proceeding.

[6] "Under [the *Strickland*] test, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both deficient performance and actual prejudice. The first prong is satisfied by proving that counsel made errors so serious that he was not functioning as the 'counsel' guaranteed by the sixth amendment. The second prong is satisfied if it is demonstrated that there exists a reasonable probability that, but for

full extent of her professional responsibilities and obligations. See *State* v. *Pascucci*, supra, 161 Conn. 386.

After a careful review of the entire record and briefs, we conclude that the petitioner has not demonstrated that the issues he has raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further.

## II

The petitioner next claims that the court abused its discretion in denying his petition for certification to appeal as to his claim that the court improperly dismissed the petition for a writ of habeas corpus without holding an evidentiary hearing. We are not persuaded by this claim.

After concluding that there were no nonfrivolous issues to be tried and granting the motion to withdraw, the court stated that it "dismissed the petition, pursuant to Practice Book § 23-42." We note that Practice Book § 23-42 (a) provides in relevant part: "If the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and *shall consider whether the petition shall be dismissed or allowed to proceed,* with the petitioner pro se. . . ." (Emphasis added.) This subsection, therefore, provides an explicit exception to the general rule requiring an evidentiary hearing before a habeas petition may be dismissed. See *Mercer* v. *Commissioner of Correction*, 230 Conn. 88, 93, 644 A.2d 340 (1994).

In *Freeney* v. *Commissioner of Correction*, 51 Conn. App. 378, 380, 721 A.2d 571 (1998), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999), the habeas court granted the motion to withdraw and "sua sponte dismissed the habeas petition as frivolous." With reference

counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Romero* v. *Commissioner of Correction*, 112 Conn. App. 305, 308–309 n.1, 962 A.2d 894, cert. denied, 290 Conn. 921, 966 A.2d 236 (2009).

to Practice Book § 23-42, we rejected the petitioner's claim that the court acted improperly. Id., 381–82; see also *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 693, 931 A.2d 348 (habeas court sua sponte dismissed habeas petition pursuant to Practice Book § 23-42), cert. denied, 284 Conn. 939, 937 A.2d 696 (2007); cf. *Coleman* v. *Commissioner of Correction*, 99 Conn. App. 310, 312–13, 913 A.2d 477 (habeas court permitted petitioner to proceed pro se rather than dismiss petition), cert. denied, 281 Conn. 924, 918 A.2d 275 (2007).

The court, pursuant to Practice Book § 23-42, properly dismissed the petition for a writ of habeas corpus without holding an evidentiary hearing. Accordingly, we conclude that the petitioner has not demonstrated that this issue is debatable among jurists of reason, that a court could resolve this issue differently or that the question raised deserves encouragement to proceed further. In short, the petitioner failed to demonstrate that the court abused its discretion by denying his petition for certification to appeal with respect to this issue.

III

The petitioner next claims that the court abused its discretion in denying his petition for certification to appeal as to his claim that his right to due process was violated as a result of the two year delay before the court ruled on the petition for certification to appeal from the dismissal of the habeas petition. Specifically, he argues that this delay denied him procedural and substantive due process rights pursuant to the fifth and fourteenth amendments to the United States constitution and article first, § 8, of the constitution of Connecticut. We decline to review this claim due to an inadequate brief.

The petitioner's brief sets forth the basic facts regarding his claim, that the petition for certification was filed on March 11, 2004, and that the court did not deny it

until August 4, 2006. He further states that the court offered no explanation for either the denial or the reasons for its denial. His argument consists of the following sentence: "The fact that the habeas court waited two years to act at all on the petitioner's petition constitutes a violation of the petitioner's procedural and substantive due process rights and requires reversal."

"We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . The petitioner has provided us with nothing more than conclusory assertions." (Internal quotation marks omitted.) *Ziemba* v. *Commissioner of Correction*, 90 Conn. App. 70, 71, 875 A.2d 597, cert. denied, 276 Conn. 905, 884 A.2d 1029 (2005); see also *Williams* v. *Commissioner of Correction*, 90 Conn. App. 431, 438 n.2, 876 A.2d 1281 (2005).[7] As the petitioner has provided only a conclusory assertion of a due process violation, we decline to consider this claim.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[7] We note that there is nothing in the record to explain why the court did not act on the petition for certification to appeal for more than two years.